■ MEADOWBROOK-RICHMAN, INC., Respondent, v WENDY W. CICCHIELLO, Appellant. [709 NYS2d 521] —Order, Supreme Court, New York County (Louis York, J.), entered June 7, 1999, which granted plaintiff's motion for partial summary judgment to the extent of granting it summary judgment on its cause of action for unjust enrichment, unanimously reversed, on the law, without costs, and the motion denied.

In this action for unjust enrichment, conversion and breach of contract to recover excess commission payments to defendant in the amount of $14,543, plaintiff served defendant with a notice to admit that she received and did not return such excess payments, essentially repeating the allegations of the complaint. Four months later, plaintiff moved for partial summary judgment on the unjust enrichment cause of action essentially on the ground that defendant had not responded to the notice to admit.

In opposition, defendant submitted a response in which she denied all of the statements in the notice to admit. Finding both defendant's four-month delay in submitting a response and her failure to seek the court's permission for her ultimate submission inexcusable, the motion court granted plaintiff's motion.

Under the facts of this case, it was error to grant partial summary judgment to plaintiff. A notice to admit pursuant to CPLR 3123 (a) is to be used only for disposing of uncontroverted questions of fact or those that are easily provable, not for the purpose of compelling admission of fundamental and material issues or ultimate facts that can only be resolved after a full trial (*Washington v Alco Auto Sales*, 199 AD2d 165). Plaintiff's notice to admit improperly demanded that defendant concede matters that were in dispute. Thus, defendant had no obligation to furnish admissions in response to plaintiff's notice (*see, Orellana v City of New York*, 203 AD2d 542, 543).

Moreover, despite defendant's failure to respond to plaintiff's notice within twenty days or to seek further time from the

court, as required by CPLR 3123, it cannot be said that her four-month silence rose to the level of a deliberate refusal to disclose information so as to preclude a resolution of this action on its merits (*see, Washington v Alco Auto Sales, supra*). Concur—Rubin, J. P., Andrias, Saxe, Buckley and Friedman, JJ.