*759 OPINION OF THE COURT
James P. Flanagan, J.
This matter having come on before this court for trial on April 17, 2007 after which the court reserved its decision and now issues the following decision and order.
This trial concerned the plaintiffs claim that medical bills for neurological testing by the plaintiff of the assignors Aleksandr Kostinyuk and Julia Axelrod were not paid by the defendant.
Both sides stipulated that an underlying automobile accident occurred on December 21, 2002. They further stipulated that the bills as to Mr. Kostinyuk were for $2,041.46 for CPT testing which took place on February 20, 2003 and for additional CPT testing on the same date with a hill in the amount of $1,615.58. As to Ms. Axelrod, the alleged bill is for $2,041.46 for service on February 11, 2003 which was also for CPT testing. At that point, the case proceeded to trial.
The plaintiff did not produce any witnesses in this matter. A group of documents consisting of transmittal letters from plaintiffs counsel to the defendant, medical bills and New York State NF-3 no-fault forms with an assignment of benefits were offered into evidence by the plaintiff. Counsel for the defendant objected to the introduction of the documents into evidence citing grounds of lack of foundation and hearsay.
At that point, counsel for the plaintiff produced and offered into evidence a notice to admit dated February 2, 2006 consisting of two pages with paragraphs 1 through 8; attached to this document was an affidavit of service showing service upon counsel for the defendant on February 2, 2006. The defendant objected to the proffered notice as to the stated date of service and its intended use by the plaintiff as the only evidence in support of its claim. The defendant did offer a reply to the notice to admit which was objected to by the plaintiff as untimely. Subsequently, the notice to admit with the affidavit of service was marked as plaintiffs exhibit No. 1 in evidence.
Before reviewing the eight paragraphs within the notice to admit, the court will address the objections raised by defendant’s counsel which, for the purposes of this decision, have been grouped into three distinct areas.
The first objection by the defendant to the use of the notice to admit was that the notice was not served by the plaintiff on the date indicated on plaintiffs affidavit of service. Counsel further argued that given the date the notice was received by her office, the response to the notice was timely.
*760 Counsel for the plaintiff objected to the response stating that given the affidavit of service and the mailing date on the notice to admit (which was February 2, 2006), the response, given the date listed on it, was late. Further, counsel pointed out that the affidavit of service attached to the response to the notice to admit indicated a mailing date of March 13, 2006.
By the court’s calculations, if the notice to admit had been sent to defense counsel on February 2, 2006, when factoring in the 20-day reply requirement of CPLR 3123 and the five-day mailing requirement of CPLR 2103 (b) (2), then the response to the notice to admit should have been mailed on or before February 27, 2006. However, the reply itself has a date of March 1, 2006 and an affidavit mailing date of March 13, 2006.
However, counsel for the defendant in this matter submitted to the court a set of documents which was marked as defendant’s exhibit A in evidence which is, according to counsel, a copy of the notice to admit that was received by the defense counsel. In addition, and, annexed thereto as the last page, is a photocopy of what appears to the court to be the top of a box with taping and partial labels which upon review appear to come from a UPS package. This copy of the notice to admit has a receipt stamped on the top of the page which states February 22, 2006.
It is the argument of defense counsel that the notice to admit was not mailed by counsel for the plaintiff on February 2, 2006 but was mailed on a subsequent date and in fact was only received by her office on February 22, 2006. As to the photocopy which does look like a box with UPS tracking numbers, there is no return address nor has any additional documentation from UPS been provided by defense counsel relevant to this matter.
As to the affidavit of service concerning the original notice to admit, it states that the mailing on February 2, 2006 of the notice to admit was made through the United States Postal Service and the same was forwarded in an envelope. This is in direct contradiction of the allegations raised by the defendant as to what was subsequently received by her office.
In this regard, the court must find in favor of the plaintiff in that service of the notice to admit was made as indicated in the affidavit of service on February 2, 2006.
“It is well established that a properly executed affidavit of service raises a presumption that proper mailing occurred (see, Engel v Lichterman, 95 AD2d 536, affd 62 NY2d 943)” (Flushing Natl. Bank v Rich-Haven Motor Sales, 123 AD2d 663, 663 *761 [2d Dept 1986] [additional citations omitted]; also see 86 NY Jur 2d, Process and Papers § 152). The burden of overcoming the presumption rests with the addressee and if sufficient evidence is presented to overcome that presumption then the court must hold a hearing on how service was made.
In the instant matter, while counsel for the defendant presents to the court in evidence the defendant’s own copy of the notice to admit along with the internal “received” stamp dated February 22 and a photocopy of a box with the UPS marking as indicated previously, in the opinion of the undersigned, the same does not rise to the level of such sufficient evidence so as to require a hearing in this matter. One particularly telling aspect of the submission by the defendant is the photocopy of the box indicating that transmittal of that package was by UPS. However, the photocopy does not show any return address which would have been on the UPS stickers. Also, while reference numbers do exist for UPS, there is no documentation provided by the defendant as to the origination point of the package in question, which should be a matter of record with UPS. Given these deficiencies, the court finds that the presumption of mailing has not been rebutted. (See 86 NY Jur 2d, Process and Papers, supra.)
The second objection raised by defense counsel as to the notice to admit is that it is completely improper and goes beyond the scope of CPLR 3123 in that it is nonspecific.
Any arguments in this regard must be rejected by this court. Upon receipt of the notice to admit, if such objections were to be properly raised by counsel for the defendant, then such objections should have been raised in a motion pursuant to CPLR 3103 seeking a protective order of this court. As no such motion was made, the court cannot entertain such objections at this time. In this regard, the court sua sponte did review the eight paragraphs of the notice to admit as to whether any of the paragraphs could be deemed “patently improper” and therefore not subject to such a notice to admit. However, for reasons which shall be discussed further herein, the court does not find the aforesaid items to be patently improper.
The third objection raised by counsel is based on the legal reasoning set forth specifically within two New York City Civil Court cases, one from Kings county and one from New York county. Counsel for the defendant argues that the notice to admit by the plaintiff did establish such facts that go to the essence of the case and in effect would decide the case based on *762 an admission or lack thereof as to such ultimate questions. In addition, counsel in her arguments made reference to the notice to admit seeking things that were deemed “central items” and “fundamentally material issues.”
The Kings County Civil Court case is PDG Psychological, P.C. v State Farm Ins. Co. (12 Misc 3d 1183[A], 2006 NY Slip Op 51398[U] [Civ Ct, Kings County 2006, Edwards, J.]). The second opinion is Channel Diagnostic v Auto One Ins. Co. (Civ Ct, NY County, Index No. 16642 CVN 2005). (The court notes that counsel for the plaintiff and defendant in the Channel Diagnostic matter are the exact same counsel who are representing the plaintiff and defendant in the instant action.)
In her decision, Judge Edwards under a section entitled “Analysis” sets forth the relevant question “Can responses to a Notice to Admit establish Plaintiffs prima facie case at trial?” (12 Misc 3d 1183[A], 2006 NY Slip Op 51398[U], *3.) The judge then discusses what the notice to admit can and cannot do. Then, in answering the question no, the court states:
“[I]t is clear that the plaintiffs Notice to Admit and the documents attached thereto go to the heart of this matter, that is, plaintiffs prima facie entitlement to no-fault benefits. Hence, according to the relevant case law, a Notice to Admit cannot bé used to prove plaintiffs case, which is material in this no-fault action.” (Id.)
In the decision by Judge Mendez in Channel Diagnostic as referenced above, the court noted that in that case plaintiff had moved for summary judgment by oral application based on the admissions created through a notice to admit. The court quite distinctly set forth the positions of the party noting:
“[Pjlaintiff maintains that defendant^] by its responses or lack thereof, admitted to the truth of the facts alleged in the notice to admit, sufficient to make out [a] prima facie case without a trial. The defendant opposed the motion arguing that the Notice to Admit should be used solely for the purpose of discovery and not to prove an entire case or eliminate issues which can and should only be addressed by and at trial. In support of its argument defense’s counsel cited PDG Psychological P.C. v State Farm Insurance Co., supra and Sagiv v Gamache, 26 AD3d 368, 810 NYS2d 481.” (Emphasis added.)
*763 Then in writing his decision in this regard (which is foursquare with the opinion of Judge Edwards), Judge Mendez states:
“The purpose of a Notice to Admit is to eliminate those uncontested issues which would take up time and become a burden at trial. A party is not obligated to provide admissions to Notices to Admit which are designed to seek admissions of fundamental issues which may only be resolved after a full trial or which remain[ ] in dispute between the parties. It can not be utilized to seek admissions of material issues or ultimate facts. See, Villa v. New York City Housing [Auth.], 107 AD2d 619, 484 NYS2d 4 [N.Y.A.D. 1st Dept., 1985], Meadowbrook-Richman, Inc. v Cicchiello, 273 AD2d 6, 709 NYS2d 521 [NYAD 1st Dept., 2000] and Marigliano, LMT v State Farm Auto Ins. Co., 12 Misc 3d 1180(A), 2006 WL 1895457 (NY City Civ. Ct.). Plaintiffs attempt to use the defendant’s responses to the Notice to Admit, as a means of proving it[s] entire case is inappropriate, that is not it[s] purpose or design, which is solely as a discovery device to eliminate uncontested issues. Therefore, the Court denies plaintiffs motion.”
After careful consideration as to the arguments of the defendant and the opinions of the aforesaid judges, the court must respectfully disagree with them and rule that plaintiff may establish a prima facie case based on the notice to admit.
As to a general discussion of the use of the notice to admit, it is the opinion of the undersigned that while reference to and by the aforesaid judges is that the notice to admit is a “discovery tool,” this court is struck by the axiom that since the items sought to be admitted in the notice to admit “go to the heart of this matter, that is plaintiffs prima facie entitlement to no-fault benefits,” the notice to admit cannot be used to prove plaintiffs case. (PDG Psychological, P.C., supra.) However, this court must note that, based on the logic therein, no issues whatsoever could ever be the subject of a notice to admit in a lawsuit to establish payment of no-fault benefits.
To the absolute contrary, in discussing what could happen to a party who chooses to do nothing concerning a notice to admit, Professor Siegel writes,
“A recipient of a notice to admit who neither denies the matters nor moves to test the validity of the no *764 tice is courting trouble. If he guesses wrong, he will be held to the usual rule that silence is an admission. Indeed, the fact admitted may even prove dis-positive of the claim.” (Siegel, NY Prac § 364, at 574 [3d ed] [emphasis added].)
Therefore, contrary to the opinions of Judges Edwards and Mendez, the notice to admit may elicit such information that may be deemed in the totality of its requests to go to the heart of the matter or be a central issue and such items are amenable to discovery in a notice to admit. The fact that, when considered as a single component, the individual paragraphs of a notice to admit do rise to the level of being dispositive or determinable of a claim does not make the said paragraphs less amenable to such a use.
Parenthetically, as to items that may be the subject of a notice to admit, but which would not be the proper subject of such a notice as they constitute an “ultimate issue,” this court has noted the following: whether or not a particular defendant was negligent in the operation of a motor vehicle at the time contact occurred with another vehicle; whether a waxed floor was slippery at the time that an occurrence took place; whether machinery was operated in a safe and careful manner; and whether an area was left in a dangerous condition.
As to what additionally would be improper, the court notes the following opinions:
• In a medical malpractice case, plaintiff sought an admission from the defendant as to an entry on a medical chart. In this instance it was the defense for one of the defendants in the case that a specific entry had not been made by them. The Second Department held that the use of a notice to admit for this matter was improper (DeSilva v Rosenberg, 236 AD2d 508 [2d Dept 1997]);
• In an action involving an alleged elevator malfunction, one party served upon another party a notice to admit regarding a contract that that party held relative to the elevator and what kind of work and/or actions it did in regard to the elevator. Specifically, the Court noted that the terms included “servicing, maintaining, repairing, and inspecting the elevator at issue, and that it operated, controlled, repaired, inspected, and serviced the elevator.” (Kalabovic v Fort Place Coop., 159 AD2d 609, *765 609 [2d Dept 1990].) The appellate court deemed the notice to admit to be improper in that the matters set forth within the notice as indicated above went “to the heart of the matters at issue” (id. at 610);
• A notice to admit which sought information regarding receipt of and a failure to return excess payments in an action for unjust enrichment and breach of contract was found to be improper; as it was the basis for a motion for summary judgment by the plaintiff, which was granted by the trial court, the Appellate Division reversed the order and denied the motion (Meadowbrook-Richman, Inc. v Cicchiello, 273 AD2d 6 [1st Dept 2000]);
• See also Hawthorne Group v RRE Ventures (7 AD3d 320 [1st Dept 2004]); Kimmel v Paul, Weiss, Rifkind, Wharton & Garrison (214 AD2d 453 [1st Dept 1995]); and Zohar v Hair Club For Men (200 AD2d 453 [1st Dept 1994]).
In reviewing the notice to admit by the plaintiff in this matter, the court notes eight separate paragraphs which had been submitted for admission or denial by the defendant.
As to the items themselves, paragraphs 1, 2, 3 and 6 question whether or not the defendant did receive documents as specifically indicated in each of those paragraphs.
Paragraphs 4 and 5 ask for an admission or denial as to whether or not said bills were paid.
Paragraph 7 requested admission or denial as to a mailing by the defendant regarding verification. Finally, paragraph 8 requested admission or denial as to whether a policy of insurance had been issued for the host vehicle in this matter.
When the foregoing paragraphs are reviewed and analyzed in light of the aforesaid case law, it is apparent to this court that the eight individual paragraphs in the notice to admit, when taken individually as to each question asked, certainly do not rise to the level of matters which go to the “heart of the matter.” In returning to the above quote by Professor Siegel in NY Practice (3d ed), he notes the circumstance in which only one fact may be admitted and be dispositive of a claim. In the instant matter, while the individual facts along with the individual admission requests in and of themselves may not rise to that level, the fact that they may collectively and in totality rise to *766 the level of being dispositive of the claim does not, contrary to the aforesaid Civil Court opinions, render the use of a notice to admit to obtain admissions regarding those items improper. (See Siegel, NY Prac, supra.)
In the instant matter, the court must note that, given the notice to admit being admitted in its entirety due to the defendant’s failure to move for a protective order or to timely respond to the same, the material submitted by the plaintiff (taken in evidence over the objections by defendant and marked as plaintiffs exhibit No. 2) was, in fact, the. items set forth within the notice to admit concerning paragraphs 1 through 8.
Again, contrary to the opinions of Judges Mendez and Edwards, the notice to admit itself was not used as a basis for plaintiff establishing a prima facie case; whether the admissions that are gleaned from the notice to admit, when compiled and reviewed in toto, result in plaintiff presenting to the court such evidence to establish a prima facie case is to be determined after a review of the totality of the admitted items.
There was no offer of any evidence made by the defendant in this matter. While a peer review and/or independent medical examination could have been requested and held by the defendant, the same was not done and no offer was made as to the testimony of any such doctor at the time of the trial in this matter.
In regards to the establishment of a prima facie case in such a case, the court did note the language of Judge Mendez (slip op at 3) in his decision in Channel Diagnostic v Auto One Ins. Co. as to the necessary elements being: (1) coverage existing for the occurrence, (2) that the assignment of policy benefits was made, (3) that the claims were presented to the insurer, and (4) that there was a failure to deny the claims within 30 days. Plaintiff has set forth such a prima facie case as is set forth in the foregoing and the summary below.
Lastly, contradicting the arguments made in the aforesaid decisions and to further support the rationale used by this court in this matter, the court has reviewed Prince, Richardson on Evidence (Farrell 11th ed), and particularly section 8-215, “Formal Judicial Admissions.”
In that section this treatise on evidence states,
“A formal judicial admission is an act of a party done in the course of a judicial proceeding, which dispenses with the production of evidence by con *767 ceding, for the purposes of the litigation, the truth of a fact alleged by the adversary. It is not properly classed as evidence, but rather takes the place of evidence. Wigmore, Evidence, § 1058. Formal judicial admissions are conclusive of the facts submitted in the action in which they are made. Coffin v President, etc, Grand Rapids Hydraulic, 136 NY 655, 32 NE 1076.” (Prince, Richardson on Evidence § 8-215, at 523 [Farrell 11th ed] [emphasis added].)
The treatise goes on to list examples of formal judicial admissions and the first one that it lists is “(1) statutory admissions, such as an admission of facts pursuant to notice, CPLR 3123.” (Prince, Richardson on Evidence, supra.)
Further in this regard, Professor Siegel in his Practice Review, back in October 2000, discussed the topic of “How to Offer Formal Admissions Into Evidence.”
In characterizing the formal admission, as referenced in CPLR 3123, he writes that “there is no dispute between the parties on the fact admitted and [that] it can be taken as established for the purposes of the pending action. This frees the party who secured the admission from the burden of preparing proof of the fact.” (100 Siegel’s Practice Review, How to Offer Formal Admissions Into Evidence, at 3 [Oct. 2000].) Therefore, to summarize the procedure which took place in the instant trial, after the defendant refused to stipulate to plaintiffs prima facie case, plaintiff then offered the packet of documents as ultimately marked plaintiffs exhibit No. 2 in evidence. As a foundation for the same, plaintiff asked the court to take judicial notice of the notice to admit and that while there was a response by the defendant, said response was late and should not be considered by the court.
In response thereto, the defendant made the arguments as indicated above, namely, that there was a timely reply to the notice to admit, that the notice to admit was totally improper and lastly that the items sought to be admitted in the notice to admit went to the essence of the case and were fundamentally material issues. The court rejected those arguments as indicated above and introduced the documents into evidence as indicated. Thereafter plaintiff rested. The defendant did not present any evidence in this matter but reiterated her arguments as to the notice to admit as to which the court had already issued a ruling. The defendant then made a motion for directed verdict on which the court reserved judgment. Plaintiff’s counsel then *768 moved the court for judgment in its favor claiming to have established a prima facie case.
This court must deny defendant’s motion for directed verdict in that it must find that plaintiff established a prima facie case through the use of the notice to admit and the aforesaid documents. Given plaintiffs establishment of a prima facie case in this matter and the defendant’s failure to rebut the same, judgment must be awarded to the plaintiff in the second cause of action in the amount of $2,041.46, in the fourth cause of action in the amount of $1,615.58, and in the sixth cause of action in the amount of $2,041.46 with interest to accrue from April 14, 2003 at the rate of 2% compounded per month and attorney’s fees to be calculated at 20% of the total of the overdue claim which shall include statutory interest up to a maximum fee of $850 and a minimum fee of $80.