OPINION OF THE COURT
G. Ann Spelman, J.
*798 This action was commenced by plaintiff Custom Orthotics of NY, Inc. as assignee of Francisco J. Ramirez against defendant State Farm Mutual Auto Ins. Co. to recover first-party no-fault benefits. A trial de novo was held on July 16, 2007, and memoranda in support of the parties’ positions were submitted on or before August 6, 2007. The following is the court’s decision.
The ultimate issue to be considered at the trial of this matter was the medical necessity of the services for which compensation is sought. However, the preliminary issue was the ability of plaintiff to establish its prima facie case based solely upon answers given in the notice to admit, with reference to other documents, as no witness was produced. In fact, neither party had a witness available to testify, yet agreed to proceed with the trial. After introducing the notice to admit and other documents, plaintiff rested. Defendant rested a moment later. Plaintiff then moved for judgment in its favor followed by defendant’s motion to dismiss the complaint. Decision was reserved.
Defendant in its answers to plaintiffs notice to admit admitted that it received the “claims for no-fault benefits” and “bills that are the subject of this action ... to the extent that same were attached to the Summons and Complaint,” but specifically “reserve[d] the right to object to the validity of same at trial.” Defendant further admitted that it did not pay the claims or bills, but “only to the extent that no payment is due and owing.” In addition, as to plaintiffs request for an admission that defendant received an assignment of benefits form for the claims underlying this action, defendant admitted “only that Plaintiff submitted a form that is purported to be an assignment of benefits” but “reserve[d] the right to object to [the] validity [thereof]” at trial.
Also introduced by plaintiff was defendant’s “Arbitration Submission.” Among other things, the arbitration “packet,” as counsel referred to it, contained defendant’s denial of plaintiffs claims which was based solely upon a lack of medical necessity.
Among other things, defendant argued that the admissions sought to be used were “at the heart of the matter,” i.e., absolutely essential to plaintiffs right to recovery, and that the facts underlying the admissions were “hotly contested,” thus precluding the use of the notice and its contents at trial. Defendant argued further that permitting plaintiff to proceed in this fashion improperly dispensed with the requirement that *799 plaintiffs witness establish a proper foundation for introduction of the documents necessary to establish its prima facie case.
The court is aware of persuasive authority supporting plaintiffs position (see Seaside Med., P.C. v General Assur. Co., 16 Misc 3d 758 [Suffolk Dist Ct 2007] [unanswered notice to admit sufficient to establish prima facie case]; see also Fair Price Med. Supply, Inc. v St. Paul Travelers Ins. Co., 16 Misc 3d 8 [App Term, 1st Dept 2007] [holding that defendant’s verified answers to interrogatories were formal judicial admissions and therefore sufficient to estabhsh plaintiffs entitlement to judgment in its favor]).
The case at bar is distinguishable, however, in that defendant answered the notice to admit, admitting the receipt of certain materials, but pointedly reserving its right to challenge the validity of plaintiffs documentary evidence at trial. Under the circumstances presented, it cannot be said that plaintiffs ability to estabhsh a prima facie case is not “hotly contested,” as defendant argues. Significantly, no bills or claim forms were attached to the summons and complaint in the court’s file. Rather, what was appended was a computer printout generated by plaintiff.
In addition, recent case law suggests that the formalities surrounding the introduction of business records into evidence must be observed, and that a decision in favor of plaintiff herein would not survive on appeal (see Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 262 AD2d 553 [2d Dept 1999]; Fortune Med., P.C. v Allstate Ins Co., 14 Misc 3d 136[A], 2007 NY Slip Op 50243[U] [App Term, 9th & 10th Jud Dists 2007]).
Accordingly, plaintiff’s motion for judgment in its favor is denied, and defendant’s motion to dismiss the complaint is granted.