OPINION OF THE COURT
Noach Dear, J.
*949 Plaintiff, Kipor Medicine PC., commenced this action to recover assigned first-party no-fault benefits in the amount of $1,346.37 for psychotherapy services that it provided to its assignor, Micheline Polynice, from May 15, 2001 to August 14, 2001.
The trial of the action took place on December 10, 2008. At that time, the parties agreed to a trial on stipulated facts. They stipulated on October 7, 2008 that the underlying claim for no-fault benefits was submitted to and received by defendant, Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC), and that the claim was neither timely paid nor timely denied. The parties further stipulated the plaintiff did not submit any proof during the claims process, or at the time of trial, that its assignor was a New York State resident. The parties agreed that the only question to be resolved by the trial court is whether plaintiff was required to establish that its assignor was a New York State resident as part of its prima facie case.
This court answers the question in the negative.
It is a fundamental precept of the No-Fault Law that unless an insurer pays or denies a claim for first-party no-fault benefits within 30 days of its receipt, it will be precluded from raising most defenses to the claim (Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [c]; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 282 [1997]; Fair Price Med. Supply Corp. v Travelers Indem. Co., 10 NY3d 556, 563 [2008]). An offshoot of this rule is that to establish a prima facie case in an action to recover no-fault benefits, a health care provider need only prove that it submitted a claim for benefits, setting forth the fact and the amount of the loss sustained, and that the claim was neither paid nor denied within 30 days of its receipt (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2d Dept 2004]). Furthermore, the prima facie burden against MVAIC is the same as against any other insurer (see Maple Med. Acupuncture, P.C. v Motor Veh. Acc. Indem. Corp., 15 Misc 3d 1124[A], 2007 NY Slip Op 50827[U] [Nassau Dist Ct 2007]; see also Englinton Med., P.C. v MVAIC, 14 Misc 3d 135[A], 2007 NY Slip Op 50164[U] [App Term, 2d & 11th Jud Dists 2007]).
Defendant is correct that non-New York State residents may not fall within the definition of “[qualified person,” which the MVAIC statute defines, inter alia, as “a resident of this state, other than an insured or the owner of an uninsured motor vehi *950 ele and his spouse when a passenger in such vehicle, or his legal representative.” (Insurance Law § 5202 [b] [i].)*
However, the 30-day period within which MVAIC may timely deny a claim begins to run upon receipt of the claim and does not depend on whether a medical provider has established that its assignor is a “qualified person” within the meaning of Insurance Law § 5202 (b) or whether MVAIC has made such a determination (see New York Hosp. Med. Ctr. of Queens v Motor Veh. Acc. Indem. Corp., 12 AD3d 429 [2d Dept 2004]; see also Englinton Med., P.C. v MVAIC, 14 Misc 3d 135[A], 2007 NY Slip Op 50164[U] [2007]). Since a plaintiff can trigger MVAIC’s obligation to pay without showing the underlying assignor is a “qualified person,” it follows that it can prove its prima facie case in the same manner. In other words, the 30-day preclusion rule, as well as all the case law that has developed concerning the elements of a provider’s prima facie case, fully applies to MVAIC regardless of whether a determination has been made that a provider’s assignor is a “qualified person.”
This is not to say that MVAIC’s failure to deny a claim within 30 days precludes it from defending a claim on the ground that the injured person is not a “qualified person.” It is well settled that the defense of lack of coverage survives an insurer’s untimely denial of a claim (see Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 200 [1997]). The defense that a person seeking first-party no-fault benefits from MVAIC is not a “qualified person” within the meaning of Insurance Law § 5202 (b) is a coverage defense (see Howard M. Rombon, Ph.D., P.C. v MVAIC, 21 Misc 3d 131[A], 2008 NY Slip Op 52128[U] [App Term, 2d & 11th Jud Dists 2008]) upon which MVAIC would have the burden of proof (Matter of Country Wide Ins. Co. [Russo], 201 AD2d 368 [1st Dept 1994]). Here, no evidence was submitted demonstrating that plaintiffs assignor was not a “qualified person.”
*951 Accordingly, it is hereby ordered that judgment be entered in favor of the plaintiff in the amount of $1,346.37, together with interest and attorneys fees as provided for by the no-fault statutes and regulations, plus costs and disbursements.

 The complete definition of the term “qualified person” is
“(i) a resident of this state, other than an insured or the owner of an uninsured motor vehicle and his spouse when a passenger in such vehicle, or his legal representative, or (ii) a resident of another state, territory or federal district of the United States or province of the Dominion of Canada, or foreign country, in which recourse is afforded, to residents of this state, of substantially similar character to that provided for by this article, or his legal representative. It does not include any operator of or passenger on a snowmobile. In this subsection, ‘operator’ means every person who operates or is in actual physical control of a snowmobile, whether or not it is under way” (Insurance Law § 5202 [b]).