OPINION OF THE COURT
C. Stephen Hackeling, J.
At a trial of the above-captioned “medical service provider no-fault” action conducted December 17, 2009, neither side presented witnesses. Instead, the plaintiff offered into evidence a notice to admit dated November 13, 2009 which asked the defendant to admit it received the attached claim and assignment for no-fault medical provider services for $1,184.66, that the defendant denied the claim and that payment was not made thereon. Thereafter, the plaintiff rested asserting the establishment of a prima facie cause of action pursuant to Insurance Law § 5106 (a). The defendant conceded it did not respond to the notice to admit and presented no testimony or alternative evidence. It is the defendant’s contention that it need not establish its affirmative defense of lack of medical necessity as the plaintiff has not carried its burden of establishing a prima facie cause of action.
The issue presented to the court for disposition is whether a no-fault medical service provider can establish its section 5106 (a) prima facie cause of action through a notice to admit. It is the court’s opinion that it can.
The court concurs with the plaintiff’s assertion that New York’s courts have consistently held that a plaintiff in a medical service provider no-fault matter establishes its prima facie entitlement to relief by demonstrating: (1) the prescribed statutory billing forms were mailed to and received by the defendant; and (2) payment of no-fault benefits is overdue. (See Insurance Law § 5106 [a]; Kipor Medicine P.C. v MVAIC, 23 Misc 3d 948 [Civ Ct, Kings County 2009], citing Fair Price Med. Supply Corp. v Travelers Indem. Co., 10 NY3d 556 [2008]; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274 [1997]; see generally Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co., 16 AD3d 564 [2d Dept 2005]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2d Dept 2004].)
At first blush it would appear that two such noncomplex elements could appropriately be established via a CPLR 3123 formal judicial admission. However, the Appellate Term, Second Department, for the 2d, 11th and 13th Judicial Districts has determined that a notice to admit, by itself, is not evidentiary proof sufficient to establish a prima facie case, and that witness *438 testimony is necessary to lay a foundation to establish the admissibility of a claim in the form of a business record. (Bajaj v General Assur., 18 Misc 3d 25 [App Term, 2d Dept. 2d, 11th & 13th Jud Dists 2007].) In stark contrast several Appellate Term courts in the First Department have determined that judicial admissions constitute evidence sufficient to prove mailing and receipt of no-fault medical provider claims. (See P.L.P. Acupuncture, P.C. v Travelers Indent. Co., 19 Misc 3d 126[A], 2008 NY Slip Op 50484[U] [App Term, 1st Dept 2008], citing Fair Price Med. Supply, Inc. v St. Paul Travelers Ins. Co., 16 Misc 3d 8 [App Term, 1st Dept 2007].) This position is further buttressed by an Appellate Division, First Department, holding that informal judicial admissions established via answers to interrogatories in a personal injury action can establish a prima facie case. (Bigelow v Acands, Inc., 196 AD2d 436 [1st Dept 1993].)
The doctrine of stare decisis binds this court to follow the rulings of its Appellate Term (9th & 10th Jud Dists), the Appellate Division, Second Department, and the New York Court of Appeals. The plaintiff advances the argument that stare decisis requires it to adopt the Appellate Division/Appellate Term, First Department, decisions in the absence of a Second Department or Court of Appeals decision. (See Mountain View Coach Lines v Storms, 102 AD2d 663 [2d Dept 1984].) While generally true, the novel complicating factor in this case is that an Appellate Term court in a different district in this court’s Appellate Division has contemporaneously taken a contrary position. In such a circumstance, when presented with conflicting appellate decisions from outside its jurisdictional chain, this court determines that stare decisis does not bind it and that it is free to make its own decision.
The court notes that a sister Suffolk County District Court has already addressed the issue and rendered a treatise decision citing to a plethora of case law and to Professor David Siegel, New York Practice, Prince, Richardson on Evidence and Wig-more, Evidence, which allowed the use of notices to admit as prima facie evidence. (Seaside Med., P.C. v General Assur. Co., 16 Misc 3d 758 [Suffolk Dist Ct 2007].) This holding appears correct, especially in light of the simplified expedited payment process that the legislature has established for no-fault claims. “Notices to admit” are more than simply a discovery device, such as an interrogatory. The fundamental purpose of a notice to admit is to expedite the trial by eliminating the need to call a witness to prove an undisputed fact; matter which is easily *439 provable or the genuineness of a document. (See Brilliant, Outside Counsel, Courts Differ on Notice to Admit Use in No-Fault Insurance Cases, NYLJ, Mar. 26, 2009, at 4, col 3; see generally Taylor v Blair, 116 AD2d 204 [1st Dept 1986].) The distinction between informal judicial admissions which are adduced in sworn deposition transcripts and interrogatory answers, and those established via formal judicial admissions established in a notice to admit, is that the informal admissions must be proved at trial via witness testimony. The absence of an affirmative denial waives the need to prove the requested admission as effectively as if admitted in the answer.
Accordingly, the court finds that the plaintiff has established an unrebutted prima facie cause of action pursuant to Insurance Law § 5106 (a) and enters judgment for it in the sum of $1,184.66 plus statutory interest from 30 days after its claim date, statutory attorneys fees and costs.