MTGLQ Invs., LP v Collado (2020 NY Slip Op 02723)





MTGLQ Invs., LP v Collado


2020 NY Slip Op 02723


Decided on May 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020

Acosta, P.J., Renwick, Richter, González, JJ.


11485N 380310/14

[*1] MTGLQ Investors, LP, Plaintiff-Respondent,
v
Graciela A. Collado, Defendant-Appellant, Department of Housing Preservation and Development, et al., Defendants.


Steven Zalewski & Associates P.C., Kew Gardens (Matthew J. Routh of counsel), for appellant.
Druckman Law Group PLLC, Westbury (Maria Sideris of counsel), for respondent.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about January 30, 2019, which, to the extent appealed from as limited by the briefs, granted plaintiff MTGLQ Investors, LP's (MTGLQ) motion for summary judgment on its mortgage foreclosure claim, unanimously affirmed, without costs.
MTGLQ established its entitlement to judgment as a matter of law by showing that it was the holder of the note. At the time this foreclosure action was commenced by MTGLQ's predecessor-in-interest, the note and the written assignment of the note were annexed to the verified summons and complaint. MTGLQ showed that it now holds the note and the mortgage. "A plaintiff proves that it has standing to commence a mortgage foreclosure action by showing that it was both the holder or assignee of the mortgage and the note when the action was commenced" (U.S. Bank N.A. v Richards, 155 AD3d 522, 523 [1st Dept 2017]). Further, a "written assignment of the note or physical delivery of the note is sufficient to establish standing" (id.).
As for defendant Collado's procedural arguments, the motion court providently exercised its discretion in reviewing the successive motion for summary judgment because MTGLQ set forth "sufficient justification" to move again after the mortgage was assigned to it (see Jones v 636 Holding Corp., 73 AD3d 409 [1st Dept 2010]). Even if the proper procedure was to move for leave to reargue or renew, the motion court did not improvidently exercise its discretion in reviewing the successive motion for summary judgment "where that motion clearly enhanced judicial efficiency" (Landmark Capital Invs., Inc. v Li-Shan Wang, 94 AD3d 418, 419 [1st Dept 2012]; see also Coccia v Liotti, 70 AD3d 747, 752 [2d Dept 2010], lv dismissed 15 NY3d 767 [2010]). Collado's reliance on plaintiff's failure to respond to her notice to admit is insufficient because that discovery device is not properly used "for the purpose of compelling admission of fundamental and
material issues or ultimate facts . . ." (Meadowbrook-Richman, Inc. v Cicchiello, 273 AD2d 6, 6 [1st Dept 2000]; see also 32nd Ave, LLC v Angelo Holding Corp., 134 AD3d 696, 698 [1st Dept 2015]). We have reviewed defendant's additional arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2020
CLERK