MTGLQ Invs., L.P. v Vazquez (2021 NY Slip Op 00390)





MTGLQ Invs., L.P. v Vazquez


2021 NY Slip Op 00390


Decided on January 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 26, 2021

Before: Gische, J.P., Kern, Moulton, Shulman, JJ. 


Index No. 810148/12 Appeal No. 12961 Case No. 2019-05488 

[*1]MTGLQ Investors, L.P., Plaintiff-Respondent,
v
James Vazquez Also Known as James Vasquez , Defendant-Appellant, City of New York Environmental Control Board, et al., Defendants.


Jones Law, P.C., Warwick (Douglas M. Jones of counsel), for appellant.
Friedman Vartolo LLP, New York (Ronald P. Labeck of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Lynn R. Kotler, J.), entered September 24, 2019, which granted plaintiff's motion for final judgment of foreclosure and sale and denied defendant's motion to vacate, unanimously affirmed, with costs.
Plaintiff MTGLQ Investors, L.P. established prima facie entitlement to summary judgment in this foreclosure action. MTGLQ established standing to bring the action by showing that its predecessor in interest had physical possession of the note prior to the commencement of the action, as evidenced by its attachment of the note to the summons and complaint at the time the action was commenced (see MTGLQ Invs., L.P. v Collado, 183 AD3d 414 [1st Dept 2020]; see also Deutsche Bank Natl. Trust Co. v Umeh, 145 AD3d 497 [1st Dept 2016]). MTGLQ also submitted an affidavit of a vice president of its loan servicer, Rushmore Loan Management Services, LLC, who averred that MTGLQ was the current holder of the note under an assignment executed in December 2014 (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355 [2015]).
Defendant's attempts to attack the affidavits submitted in support of plaintiff's motion and his claims of fraud, forgery, and improper assignment are unavailing. To begin, defendant is precluded from supporting his arguments with the evidence that this Court had previously excluded in Amtrust-NP SFR Venture, LLC v Vazquez (140 AD3d 541 [1st Dept 2016]) (see Kenney v City of New York, 74 AD3d 630, 630-631 [1st Dept 2010], citing J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey, 45 AD3d 809, 809 [2007]). In any event, defendant failed to make more than a bald assertion that the signatures on the note and mortgage are forgeries (Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d 381, 384 [2004]; cf. Millennium BCPBank, N.A. v. Kal-Pak Realty, LLC, 99 AD3d 976 [2d Dept 2012]). Moreover, defendant's signature on the mortgage was notarized, and he failed to rebut the presumption that this signature is, thus, genuine (see Seaboard Sur. Co. v Earthline Corp., 262 AD2d 253 [1st Dept 1999]). Finally, defendant had ratified the debt by making payments on the mortgage for over one year without any apparent protest (see Confidential Lending, LLC v Nurse, 120 AD3d 739 [2d Dept 2014]). Defendant's other arguments regarding plaintiff's ownership of the note are undermined by the affidavit of MTGLQ's loan servicer and the assignments contained in the record. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 26, 2021