Genna v Klempner (2021 NY Slip Op 03526)





Genna v Klempner


2021 NY Slip Op 03526


Decided on June 03, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 03, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Oing, JJ. 


Index No. 100530/16 Appeal No. 14005N-14005NA Case No. 2019-03366 2019-04575 

[*1]Paula Genna, Plaintiff-Appellant,
v
Oleg Klempner D.D.S., et al., Defendants-Respondents. 


Paula Genna, appellant pro se.
Landman Corsi Ballaine & Ford P.C., New York (Shayna A. Bryan of counsel), for Oleg Klempner, D.D.S., and Central Park South Dental Care, PLLC,respondents.
Morris Duffy Alonso & Faley, New York (Iryna S. Krauchanka of counsel), for Babak Robert Ghalili, D.M.D., respondent.



Orders, Supreme Court, New York County (Joan A. Madden, J.), both entered on or about March 8, 2018, which denied plaintiff's motions seeking a determination that defendants Babak Robert Ghalili, D.M.D. and Oleg Klempner, D.D.S. had insufficiently responded to her notices to admit, unanimously affirmed, without costs.
A notice to admit is to be used only for disposing of uncontroverted questions of fact or those that are easily provable, not for the purpose of requesting admissions of material issues or ultimate or conclusory facts which can only be resolved after a full trial (Meadowbrook-Richman, Inc. v Cicchiello, 273 AD2d 6 [1st Dept 2000]; see also MTGLQ Invs., LP v Collado, 183 AD3d 414, 415 [1st Dept 2020]; 32nd Ave LLC v Angelo Holding Corp., 134 AD3d 696, 698-699 [1st Dept 2015]; Orellana v City of New York, 203 AD2d 542, 543 [2nd Dept 1994]). The purpose of a notice to admit is not to obtain information in lieu of other disclosure devices, such as the taking of depositions before trial. Thus, the motion court correctly found that both notices, which sought admissions of both ultimate and conclusory facts, were sufficiently responded to and properly directed plaintiff to seek such information through discovery disclosure devices. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2021