■ MUSTAFA KALABOVIC et al., Respondents, v FORT PLACE COOPERATIVE, INC., et al., Defendants, and CURTIS LIFTS LTD., Appellant. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, etc., the defendant Curtis Lifts Ltd., appeals from so much of an order of the Supreme Court, Richmond County (Amann, J.), entered September 8, 1988, as denied that branch of its motion which was to amend its response to the notice to admit.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, without costs or disbursements, and that branch of the appellant's motion which was to amend its response is granted on the condition that the appellant pays $1,500 to the plaintiffs within 20 days after service upon him of a copy of this decision and order, with notice of entry; in the event that the condition is not complied with, the order is affirmed insofar as appealed from, with costs.

The plaintiff Mustafa Kalabovic was allegedly injured as a result of an elevator malfunction. The plaintiffs' complaint alleges that the appellant maintained, operated, and controlled the elevator in which Mustafa was injured, and by virtue of a contract was required to service, inspect, repair, and maintain the elevator. In its answer the appellant denied knowledge or information sufficient to form a belief as to each of the essential allegations against it. Thereafter, the plaintiffs served the appellant with a notice to admit, by which appellant was to admit that pursuant to a contract it was responsible for servicing, maintaining, repairing, and inspecting the elevator at issue, and that it operated, controlled, repaired, inspected, and serviced the elevator.

Approximately 18 months after the notice to admit was served upon the appellant, the appellant served a response in which it denied each item, admitting only that it had entered into a contract pertaining to the elevator. The plaintiffs rejected the response as untimely, and the appellant moved for leave to amend its response to the notice to admit. The Supreme Court, Richmond County, denied the motion without prejudice to renewal after completion of all examinations before trial.

Approximately one year later, the appellant, *inter alia,* again moved for leave to amend its response to the plaintiffs' notice to admit. The court denied that branch of the motion,

stating that "[t]he movant has failed to justify its failure to answer or otherwise respond in a timely fashion in the Notice to Admit served over three years ago. To permit the movant to amend at this time would severely prejudice the plaintiff[s]". We disagree.

"The purpose of a notice to admit is '* * * only to eliminate from the issues in litigation matters which will not really be in dispute at the trial' *(Falkowitz v Kings Highway Hosp.,* 43 AD2d 676). * * * [They] are not intended to cover ultimate conclusions, which can only be made after a full and complete trial" *(Batchie v Travelers Ins. Co.,* 110 AD2d 864, 865). The notice to admit, which goes to the heart of the matters at issue, was improper. Moreover, as the plaintiffs have already commenced actions against the owner and manager of the building in which the injury occurred, we find that permitting the appellant to amend will not severely prejudice the plaintiffs. However, because of the appellant's delay, we conclude that allowing the appellant to amend its notice to admit in accordance with its proposed response dated January 13, 1987, conditioned upon the payment by it of a sanction to compensate for the inconvenience and additional legal work emanating from the delay, is a more appropriate disposition than the outright denial of that branch of the appellant's motion which was to amend *(see, e.g., Mannering v State Farm Fire & Cas. Co.,* 144 AD2d 654), which, in this case, would be tantamount to directing the entry of a default judgment. Brown, J. P., Lawrence, Eiber and Rosenblatt, JJ., concur.