■ JEHAN DESILVA, an Infant, by His Mother and Natural Guardian, PADMANI DESILVA, Appellant, v STUART T. ROSENBERG et al., Respondents, et al., Defendant. [654 NYS2d 30] —In an action to recover damages for medical malpractice, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated April 5, 1996, as denied his motion for a protective order striking the notice to admit of the defendants Stuart T. Rosenberg and Karl M. Neimand and suppressing any information obtained thereunder.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion is granted.

The plaintiff commenced this action to recover damages for medical malpractice alleging that the respondents, Stuart T. Rosenberg and Karl M. Neimand, negligently performed an amniocentesis procedure while the plaintiff was in utero and negligently administered the drug prostaglandin to the plaintiff's mother. The allegation that the plaintiff's mother was administered prostaglandin was supported by an entry in her medical chart maintained by the defendant Long Island Jewish Medical Center (hereinafter the Medical Center). The respondents deny that they made this entry in the medical chart and that they administered the drug. The respondents allege that the entry was made in error by another doctor of the Medical Center who was treating another patient. The respondents' notice to admit sought an admission from the Medical Center that the entry in the medical chart was authored by the same individual who authored the chart of the other patient, and that this individual was a certain named doctor.

The purpose of a notice to admit is only to eliminate from the issues in litigation matters which will not be in dispute at trial. It is not intended to cover ultimate conclusions, which can only be made after a full and complete trial. A notice to admit which goes to the heart of the matters at issue is improper (*see, Kalabovic v Fort Place Coop.,* 159 AD2d 609;

*Batchie v Travelers Ins. Co.,* 110 AD2d 864). Also, the purpose of a notice to admit is not to obtain information in lieu of other disclosure devices, such as the taking of depositions before trial (*see, Falkowitz v Kings Highway Hosp.,* 43 AD2d 696).

The admissions sought by the respondents are hotly contested by the parties, and go to the heart of the matters involved in this case. Accordingly, the notice to admit was improper and should have been stricken, and any information obtained thereunder should be suppressed. Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.