■ SANDRA ROSENFELD, Respondent, v JEFFREY VORSANGER, Defendant, and TOTAL NEURO CARE, P.C., et al., Appellants. [772 NYS2d 597]—

In an action to recover damages for medical malpractice, the defendants Total Neuro Care, P.C., and Ranga C. Krishna appeal from so much of an order of the Supreme Court, Kings County (Levine, J.), dated January 10, 2003, as denied that branch of their motion which was to compel the plaintiff to accept service of a reply to her notice to admit.

Ordered that the order is affirmed insofar as appealed from, with costs.

The purpose of a notice to admit is only to eliminate from the issues in litigation matters which will not be in dispute at trial (*see DeSilva v Rosenberg,* 236 AD2d 508 [1997]). It is not intended to cover ultimate conclusions, which can only be made after a full and complete trial (*see id.; Villa v New York City Hous. Auth.,* 107 AD2d 619, 620 [1985]). A notice to admit which goes to the heart of the matters at issue is improper (*see DeSilva v Rosenberg, supra; Kalabovic v Fort Place Coop.,* 159 AD2d 609, 610 [1990]; *Batchie v Travelers Ins. Co.,* 110 AD2d 864, 865 [1985]).

Contrary to the arguments of the appellants Total Neuro

Care, P.C., and Ranga C. Krishna, the plaintiff's notice to admit did not seek to determine ultimate disputed facts in this case. The notice to admit merely sought to determine whether certain documents were faxed from the defendants' office to the plaintiff's counsel's office on December 5, 2000.

CPLR 3123 (a) specifically provides that a party must submit a sworn response "either denying specifically the matters of which an admission is requested *or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters*" (emphasis supplied) (*see Constantino v Newman,* 47 AD2d 626 [1975]; 2 Haig, Commercial Litigation in New York State Courts § 22.2 [g] [West's NY Prac Series]). The appellants' unsworn reply to the notice to admit, based "upon information and belief," was clearly improper (*see* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3123:5; Siegel, NY Prac § 364, at 575 [3d ed]). Therefore, the Supreme Court correctly denied the appellants' motion to compel acceptance of the reply.

The appellants' remaining contentions are without merit. Altman, J.P., S. Miller, Goldstein and Crane, JJ., concur.