■ JOSEPH GEHA, Plaintiff, v 55 ORCHARD STREET, LLC, et al., Defendants and Third-Party Plaintiffs-Appellants. STRONG EQUIPMENT, Third-Party Defendant-Respondent. [815 NYS2d 253]—

In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal (1) from an order and judgment (one paper) of the Supreme Court, Kings County (Jones, J.), dated July 14, 2004, which granted the motion of the third-party defendant for summary judgment dismissing the third-party complaint, denied their cross motion for summary

judgment, and dismissed the third-party complaint, and (2), as limited by their brief, from so much of an order of the same court dated February 4, 2005, as denied that branch of their motion which was for leave to renew those branches of the third-party defendant's prior motion and their cross motion which were for summary judgment on the third-party cause of action for common-law indemnification/contribution.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof granting that branch of the third-party defendant's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification and substituting therefor a provision denying that branch of the motion; as so modified, the order and judgment is affirmed, without costs or disbursements, and that third-party cause of action is reinstated; and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, an employee of the third-party defendant, Strong Equipment (hereinafter Strong), allegedly sustained personal injuries while in the course of his employment. He commenced an action against 55 Orchard Street, LLC, and L&H Construction Company (hereinafter the appellants). The appellants commenced a third-party action against Strong, seeking common-law indemnification/contribution and contractual indemnification. Strong moved for summary judgment dismissing the third-party complaint. Thereafter, the appellants crossmoved for summary judgment. The Supreme Court granted Strong's motion and denied the appellants' cross motion. The appellants then moved, inter alia, for leave to renew those branches of the prior motion and cross motion which were for summary judgment on the common-law indemnification/contribution causes of action. The Supreme Court denied their motion.

The Supreme Court erred in granting that branch of Strong's motion which was for summary judgment dismissing the contractual indemnification cause of action. Although the subject written contract is unsigned, "an unsigned contract may be enforceable, provided there is objective evidence establishing that the parties intended to be bound" (*Flores v Lower E. Side Serv. Ctr., Inc.,* 4 NY3d 363, 369 [2005]). Here, a triable issue of fact exists as to whether the indemnification provision in the subject written contract is enforceable.

The appellants' remaining contentions are without merit. Schmidt, J.P., Santucci, Rivera and Skelos, JJ., concur.