**23**   THERESA LOLLY, Appellant, v BROOKDALE UNIVERSITY HOSPITAL AND MEDICAL CENTER, Respondent, et al., Defendants. [844 NYS2d 718]—In an action to recover damages for medical malpractice, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Rosenberg, J.), dated June 19, 2006, as granted that branch of the motion of the defendant Brookdale University Hospital and Medical Center which was pursuant to CPLR 3103 for a protective order striking the plaintiff's notice to admit.

Ordered that the order is affirmed, with costs.

The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed (*see Mattocks v White Motor Corp.,* 258 AD2d 628, 629 [1999]). The Supreme Court providently exercised its discretion in granting that branch of the motion of the defendant Brookdale University Hospital and Medical Center which was for a protective order striking the plaintiff's notice to admit. The plaintiff's notice to admit improperly either sought the defendants' admissions to legal conclusions or went to the heart of the matter (*see Glasser v City of New York,* 265 AD2d 526 [1999]; *Gomez v Long Is. R.R.,* 201 AD2d 455, 456 [1994]). Moreover, "the purpose of a notice to admit is not to obtain information in lieu of other disclosure devices, such as the taking of depositions before trial" (*DeSilva v Rosenberg,* 236 AD2d 508, 509 [1997]). Rivera, J.P., Krausman, Florio, Carni and Balkin, JJ., concur.