■ PAULA-ANNE NACHERLILLA, Respondent, v PROSPECT PARK ALLIANCE, INC., Appellant, et al., Defendants. [930 NYS2d 643]—

The plaintiff allegedly was injured in a horseback riding accident which occurred near an entrance to Prospect Park in Brooklyn while she was on a guided tour. The horse which she was riding at the time of the accident allegedly was provided to her by the defendant Kensington Stables. She commenced the instant action to recover damages for personal injuries against, among others, Kensington Stables, Inc., Kensington Stables, the City of New York, and Prospect Park Alliance, Inc. (hereinafter the Alliance). The Alliance moved for summary judgment dismissing the complaint insofar as asserted against it, arguing that it was not liable for the plaintiff's injuries because it did not exercise control over Kensington Stables, which allegedly operated the guided tour and rented the horse to the plaintiff. The plaintiff opposed the motion, contending, among other things, that the Alliance failed to respond to two notices to admit and, thus, was deemed to have admitted the allegations contained therein, including that it owned, leased, contracted with, operated, controlled, maintained, managed, inspected, serviced, and supplied materials and/or equipment to all or part of Kensington Stables.

The Supreme Court, inter alia, denied the Alliance's motion for summary judgment, finding that the Alliance failed to respond to the notices to admit within the time prescribed by a preliminary conference order and, therefore there were triable issues of fact as to whether the Alliance owned, maintained, supervised, or managed any part of the horse-riding activities performed by Kensington Stables. The Alliance appeals from so much of the order as denied its motion for summary judgment, and we reverse insofar as appealed from.

CPLR 3123 provides, in relevant part, that "a party may serve upon any other party a written request for admission by the latter . . . of the truth of any matters of fact set forth in the request, as to which the party requesting the admission reasonably believes there can be no substantial dispute at the trial and which are within the knowledge of such other party or can be ascertained by him upon reasonable inquiry" (CPLR 3123 [a]). If the requested admission is not denied or otherwise explained "within twenty days after service thereof or within such further time as the court may allow," then the requested admission will be deemed admitted (*id.*). "The purpose of a notice to admit is only to eliminate from the issues in litigation matters which

will not be in dispute at trial" (*DeSilva v Rosenberg*, 236 AD2d 508, 508 [1997]; *see Rosenfeld v Vorsanger*, 5 AD3d 462, 462 [2004]). "It is not intended to cover ultimate conclusions, which can only be made after a full and complete trial" (*DeSilva v Rosenberg*, 236 AD2d at 508). "Also, the purpose of a notice to admit is not to obtain information in lieu of other disclosure devices, such as the taking of depositions before trial" (*id.* at 509). "A notice to admit which goes to the heart of the matters at issue is improper" (*id.* at 508; *see Tolchin v Glaser*, 47 AD3d 922 [2008]; *Glasser v City of New York*, 265 AD2d 526 [1999]).

Here, the plaintiff could not have reasonably believed that the admissions which she sought on the issue of control by the Alliance over Kensington Stables would not be in "substantial dispute at the trial" as they were identical to certain allegations in her complaint and were denied by the Alliance in its answer (CPLR 3123 [a]; *see Washington v Alco Auto Sales*, 199 AD2d 165 [1993]; *cf. Villa v New York City Hous. Auth.*, 107 AD2d 619 [1985]). Furthermore, the admissions sought on the issue of control "were at the heart of the controversy" in this case (*Rosario v City of New York*, 261 AD2d 380, 381 [1999]; *see Riner v Texaco, Inc.*, 222 AD2d 571, 571-572 [1995]) and therefore were improper (*see Morreale v Serrano*, 67 AD3d 655, 655-656 [2009]; *Tolchin v Glaser*, 47 AD3d at 923; *Lolly v Brookdale Univ. Hosp. & Med. Ctr.*, 45 AD3d 537 [2007]; *Sagiv v Gamache*, 26 AD3d 368, 369 [2006]). Accordingly, it was error for the Supreme Court to rely on the notices to admit for the purpose of finding the existence of triable issues of fact precluding the award of summary judgment.

The alternative grounds for affirmance presented by the plaintiff (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539 [1983]) are without merit. Contrary to her contention, the Alliance established its prima facie entitlement to judgment as a matter of law by submitting sufficient evidence to demonstrate that it did not exercise control over Kensington Stables or its tour guides and, thus was not vicariously liable for their acts or omissions (*see Hannold v First Baptist Church*, 254 AD2d 746, 746 [1998]; *Davis v Shelton*, 33 AD2d 707 [1969]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). She failed to raise a triable issue of fact as to whether the Alliance owed her a duty of care as an agent of the City which owned the park. "Landowners . . . have a duty to act in a reasonable manner to prevent harm to those on their property. In particular, they have a duty to control the conduct of third persons on

their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control" (*D'Amico v Christie*, 71 NY2d 76, 85 [1987] [citation omitted]; *see Kern v Ray*, 283 AD2d 402 [2001]). This duty emanates "from the obligation of a landowner to keep its premises free of known dangerous conditions" (*D'Amico v Christie*, 71 NY2d at 85). A duty of care on the part of a managing agent may arise "where there is a comprehensive and exclusive management agreement between the agent and the owner [of the property] which displaces the owner's duty to safely maintain the premises" (*Roveccio v Ry Mgt. Co., Inc.*, 29 AD3d 562, 562 [2006]). Here, the plaintiff failed to raise a triable issue of fact as to the existence of an agreement which would require the Alliance to safely maintain the premises on behalf of the City. Additionally, the plaintiff failed to raise a triable issue of fact as to whether the Alliance owed her a duty of care by virtue of its relationship with Kensington Stables. The evidence which the plaintiff submitted demonstrating that the Alliance maintains a website that promotes the use of the bridle paths and refers park visitors to Kensington Stables for horse rentals and riding lessons was insufficient to constitute a "holding out to the public" which would estop the Alliance from disclaiming liability for the alleged negligence of Kensington Stables and its tour guide (*Aronov v Bruins Transp.*, 294 AD2d 522, 523 [2002]).

Accordingly, the Supreme Court should have granted the Alliance's motion for summary judgment dismissing the complaint insofar as asserted against it. Angiolillo, J.P., Dickerson, Chambers and Lott, JJ., concur.