# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**586**
**CA 11-02241**
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, AND LINDLEY, JJ.

---

TIMOTHY VOIGT, DOING BUSINESS AS V-CON COMPANY,
PLAINTIFF-APPELLANT,

V                                                     MEMORANDUM AND ORDER

SAVARINO CONSTRUCTION CORPORATION,
DEFENDANT-RESPONDENT.

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (PATRICK J. MACKEY OF COUNSEL), FOR PLAINTIFF-APPELLANT.

LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (RALPH C. LORIGO OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered May 18, 2011 in a breach of contract action. The order denied without prejudice the motion of plaintiff for summary judgment and granted the motion of defendant for leave to amend its response to plaintiff's notice to admit.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff appeals from an order that denied his motion for, inter alia, summary judgment on the amended complaint and granted the motion of defendant for leave to amend its response to plaintiff's notice to admit. Contrary to plaintiff's contention, Supreme Court did not abuse its discretion in granting defendant leave to amend its responses to the notice to admit. Pursuant to CPLR 3123 (a), "a party may serve upon any other party a written request for admission by the latter of the . . . truth of any matters of fact set forth in the request, as to which the party requesting the admission reasonably believes there can be no substantial dispute at the trial . . . ." The statute further provides that "the court, at any time, may allow a party to amend or withdraw any admission on such terms as may be just" (CPLR 3123 [b]). Here, "[i]n view of the underlying purpose of the notice to admit—'to eliminate from dispute those matters about which there can be no controversy' . . . —we discern no abuse of discretion in [the court's determination]" (*Webb v Tire & Brake Distrib., Inc.*, 13 AD3d 835, 838). "A notice to admit which goes to the heart of the matters at issue is improper . . . Also, the purpose of a notice to admit is not to obtain information in lieu of other disclosure devices, such as the taking of depositions before trial" (*DeSilva v Rosenberg*, 236 AD2d 508, 508-509; *see Sagiv v Gamache*, 26

AD3d 368, 369; *Hawthorne Group v RRE Ventures*, 7 AD3d 320, 324). Here, we agree with the court that plaintiff sought admissions to matters that were at the heart of the controversy, and that plaintiff was using the notice to admit in place of other discovery devices. Further, "plaintiff could not have reasonably believed that the admissions which [he] sought . . . would not be in 'substantial dispute at the trial' as they were identical to certain allegations in [the] complaint and were denied by [defendant] in its answer" (*Nacherlilla v Prospect Park Alliance, Inc.*, 88 AD3d 770, 772; *see also Cazenovia Coll. v Patterson*, 45 AD2d 501, 504).

We reject the further contention of plaintiff that the court erred in denying his motion for summary judgment without prejudice to renew upon the completion of discovery. "Where, as here, 'the facts essential to opposing [plaintiff's] motion may exist but cannot be stated without conducting discovery of employees of [plaintiff] and others, the court [properly denied] the motion pursuant to CPLR 3212 (f)' " (*Brown v Krueger*, 13 AD3d 1182, 1182-1183).

We have considered plaintiff's remaining contention and conclude that it is without merit.

Entered:  April 27, 2012                              Frances E. Cafarell
                                                     Clerk of the Court