■ PRICELESS CUSTOM HOMES, INC., Appellant, v MARTHA O'NEILL, Respondent. [960 NYS2d 455]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated May 21, 2012, which denied its motion for summary judgment on the issue of whether a certain unsigned document constituted an enforceable agreement between the parties.

Ordered that the order is affirmed, with costs.

CPLR 3123 (a) provides, in relevant part, that "a party may serve upon any other party a written request for admission by the latter of the genuineness of any papers or documents . . . , or of the truth of any matters of fact set forth in the request, as to which the party requesting the admission reasonably believes there can be no substantial dispute at the trial and which are within the knowledge of such other party or can be ascertained by him upon reasonable inquiry." "If the requested admission is not denied or otherwise explained 'within twenty days after service thereof or within such further time as the court may allow,' then the requested admission will be deemed admitted" (*Nacherlilla v Prospect Park Alliance, Inc.*, 88 AD3d 770, 771 [2011], quoting CPLR 3123 [a]). " 'The purpose of a notice to admit is only to eliminate from the issues in litigation matters which will not be in dispute at trial' " (*Nacherlilla v Prospect Park Alliance, Inc.*, 88 AD3d at 771-772, quoting *DeSilva v Rosenberg*, 236 AD2d 508, 508 [1997]; *see Rosenfeld v Vorsanger*, 5 AD3d 462, 462 [2004]). " 'It is not intended to cover ultimate conclusions, which can only be made after a full and complete trial' " (*Nacherlilla v Prospect Park Alliance, Inc.*, 88 AD3d at 772, quoting *DeSilva v Rosenberg*, 236 AD2d at 508; *see Rosenfeld v Vorsanger*, 5 AD3d at 462). " 'A notice to admit which goes to the heart of the matters at issue is improper' " (*Nacherlilla v*

*Prospect Park Alliance, Inc.*, 88 AD3d at 772, quoting *DeSilva v Rosenberg*, 236 AD2d at 508; *see Tolchin v Glaser*, 47 AD3d 922, 923 [2008]; *Rosenfeld v Vorsanger*, 5 AD3d at 462; *Glasser v City of New York*, 265 AD2d 526, 526 [1999]; *see also Riner v Texaco, Inc.*, 222 AD2d 571, 572 [1995]).

Here, contrary to the plaintiff's contention, the matter concerning which it sought an admission, whether a particular unsigned document constituted an enforceable agreement between the parties, will be in dispute at trial (*see generally* CPLR 3123 [a]; *Nacherlilla v Prospect Park Alliance, Inc.*, 88 AD3d at 771-772; *Rosenfeld v Vorsanger*, 5 AD3d at 462; *DeSilva v Rosenberg*, 236 AD2d at 508). Moreover, as the Supreme Court properly determined, the admission sought will be at the heart of the controversy in this case (*see Nacherlilla v Prospect Park Alliance, Inc.*, 88 AD3d at 772; *Tolchin v Glaser*, 47 AD3d at 923; *Glasser v City of New York*, 265 AD2d at 526; *see also Riner v Texaco, Inc.*, 222 AD2d at 572). Accordingly, the Supreme Court properly determined that the plaintiff was not entitled to summary judgment pursuant to CPLR 3123 (a).

The Supreme Court also properly determined that the plaintiff was not entitled to summary judgment on the theory that the parties demonstrated their intent to be bound by the unsigned written agreement. "[A] contract may be valid even if it is not signed by the party to be charged, provided its subject matter does not implicate a statute—such as the statute of frauds (General Obligations Law § 5-701)—that imposes such a requirement" (*Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 368 [2005]). "[A]n unsigned contract may be enforceable, provided there is objective evidence establishing that the parties intended to be bound" (*id.* at 369; *see Geha v 55 Orchard St., LLC*, 29 AD3d 735, 736 [2006]). " 'In determining whether the parties entered into a contractual agreement and what were its terms, it is necessary to look . . . to the objective manifestations of the intent of the parties as gathered by their expressed words and deeds' " (*Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d at 368, quoting *Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397, 399 [1977]; *see Minelli Constr. Co., Inc. v Volmar Constr., Inc.*, 82 AD3d 720, 721 [2011]). Here, the plaintiff failed to establish, prima facie, that the parties' words and deeds demonstrated their intent to be bound by the terms of the unsigned written agreement (*cf. Geha v 55 Orchard St., LLC*, 29 AD3d at 736).

The Supreme Court therefore properly denied the plaintiff's motion for summary judgment on the issue of whether the unsigned document constituted an enforceable agreement be-

tween the parties. Dillon, J.P., Dickerson, Leventhal and Hinds-Radix, JJ., concur.