In an action to recover damages for personal injuries, the defendant New York Airport Services, LLC, appeals from an order of the Supreme Court, Queens County (Hart, J.), entered July 16, 2012, which denied its motion pursuant to CPLR 3103 (a), for a protective order striking the plaintiffs notice to admit.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendant New York Airport Services, LLC, for a protective order striking the plaintiffs notice to admit is granted.
This action arises from an incident that occurred at LaGuardia Airport. In his complaint, the plaintiff alleged that on December 6, 2009, he was struck by a motor vehicle owned by the defendant New York Airport Services, LLC (hereinafter the defendant), and operated by its employee, the defendant John Doe. Issue was joined on March 15, 2012. Shortly thereafter, the plaintiff served a notice to admit, seeking one admission: “That on December 6, 2009, the motor vehicle owned and operated by the defendants was in contact with the plaintiff.” The defendant made a timely motion for a protective order pursuant to CPLR 3103 (a). The Supreme Court denied the motion.
“The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court” (Lolly v Brookdale Univ. Hosp. & Med. Ctr., 45 AD3d 537, 537 [2007]). However, in the instant matter, the Supreme Court abused its discretion in denying the defendant’s motion for a protective order pursuant to CPLR 3103 (a).
“The purpose of a notice to admit is only to eliminate from the issues in litigation matters which will not be in dispute at trial. It is not intended to cover ultimate conclusions, which can only be made after a full and complete trial” (DeSilva v Rosenberg, 236 AD2d 508, 508 [1997]; see Priceless Custom Homes, *611 Inc. v O’Neill, 104 AD3d 664 [2013]; Sagiv v Gamache, 26 AD3d 368, 369 [2006]). Here, the plaintiffs notice to admit improperly sought the defendant’s admission concerning a matter that went to the heart of the controversy in this case (see Priceless Custom Homes, Inc. v O’Neill, 104 AD3d at 664-665; Lolly v Brookdale Univ. Hosp. & Med. Ctr., 45 AD3d 537 [2007]; see also Kahan v Spira, 88 AD3d 964 [2011]; Nesper v Goldmag Hacking Corp., 77 AD3d 598 [2010]). Moreover, ei ‘the purpose of a notice to admit is not to obtain information in lieu of other disclosure devices, such as the taking of depositions before trial’ ” (Lolly v Brookdale Univ. Hosp. & Med. Ctr., 45 AD3d at 537, quoting DeSilva v Rosenberg, 236 AD2d at 509). Accordingly, the Supreme Court should have granted the defendant’s motion for a protective order.
The defendant’s remaining contention need not be addressed in light of our determination. Rivera, J.P., Hall, Cohen and Miller, JJ., concur.