■ SEAN MURPHY et al., Respondents, v EAGLE SCAFFOLDING, INC., Defendant/Third-Party Plaintiff/Second Third-Party Plaintiff-Appellant-Respondent. KEYSPAN ENERGY CORPORATION, Third-Party Defendant-Respondent-Appellant; KEYSPAN GENERATION, Second Third-Party Defendant-Respondent-Appellant. [11 NYS3d 218]—

In an action to recover damages for personal injuries, etc., the defendant/third-party plaintiff/second third-party plaintiff, Eagle Scaffolding, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated March 28, 2013, as denied those branches of its motion which were for summary judgment dismissing the cause of action to recover damages for common-law negligence and on the causes of action in the third-party complaint and the second third-party complaint for contractual indemnification, and the third-party defendant and the second third-party defendant cross-appeal, as limited by their brief, from so much of the same order as denied those branches of their cross motion which were for summary judgment dismissing the causes of action in the third-party complaint and the second third-party complaint for contractual indemnification.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the plaintiffs by Eagle Scaffolding, Inc.

On April 11, 2003, the plaintiff Sean Murphy (hereinafter the injured plaintiff) allegedly was injured when he fell from a scaffold, which was owned and installed by the defendant Eagle Scaffolding, Inc. (hereinafter Eagle). At the time of the accident, the injured plaintiff was employed by the third-party defendant Keyspan Energy Corporation, and was performing work at premises owned by the second third-party defendant Keyspan Generation (hereinafter together the Keyspan companies). On November 12, 2003, the injured plaintiff, and his wife suing derivatively, commenced an action against Eagle to recover damages, inter alia, for personal injuries. Eagle, in turn, commenced a third-party action against each of the Keyspan companies, seeking, inter alia, contractual indemnification under the terms of an unsigned scaffold inspection tag dated March 29, 2003. In an order dated March 28, 2013, the Supreme Court denied those branches of Eagle's motion which were for summary judgment dismissing the cause of action to recover damages for common-law negligence and on its third-party causes of action for contractual indemnification. In addition, the court denied those branches of the Keyspan companies' cross motion which were for summary judgment dismissing the causes of action for contractual indemnification that had been asserted in the third-party complaint and the second third-party complaint.

Eagle failed to establish its prima facie entitlement to judgment as a matter of law, as it did not eliminate all triable issues of fact as to whether it improperly installed the scaffold from which the injured plaintiff allegedly fell (*see McDonald v Sunstone Assoc.*, 39 AD3d 603, 605 [2007]; *cf. Phillips v Seril*, 209 AD2d 496 [1994]). Accordingly, the Supreme Court properly denied that branch of Eagle's motion which was for summary judgment dismissing the cause of action to recover damages for common-law negligence, regardless of the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

"[A] contract may be valid even if it is not signed by the party to be charged, provided its subject matter does not implicate a statute—such as the statute of frauds (General Obligations Law § 5-701)—that imposes such a requirement" (*Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 368 [2005]). "[A]n unsigned contract may be enforceable, provided there is objective evidence establishing that the parties intended to be bound" (*id.* at 369; *see Priceless Custom Homes, Inc. v O'Neill*, 104 AD3d 664, 665 [2013]). "[I]n many instances the issue of whether or when an indemnification agreement came into be-

ing in the absence of a signed document will present a question of fact to be resolved by the trier of fact" (*Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d at 370).

Here, in support of their respective motion and cross motion, Eagle and the Keyspan companies failed to eliminate all triable issues of fact as to whether the scaffold inspection tag dated March 29, 2003, which included an indemnification clause, related to the scaffold employed by the injured plaintiff at the time of the accident and, if so, whether these parties' words and deeds demonstrated their intent to be bound by the terms of thereof (*see Priceless Custom Homes, Inc. v O'Neill*, 104 AD3d at 665; *cf. Geha v 55 Orchard St., LLC*, 29 AD3d 735, 736 [2006]). Furthermore, in moving for summary judgment on its third-party causes of action for contractual indemnification, Eagle failed to eliminate the existence of all triable issues of fact regarding its alleged negligence (*see Rodriguez v Tribeca 105, LLC*, 93 AD3d 655, 657 [2012]). Accordingly, the Supreme Court properly denied those branches of the Keyspan companies' cross motion which were for summary judgment dismissing the causes of action for contractual indemnification asserted in the third-party complaint and the second third-party complaint, and that branch of Eagle's motion which was for summary judgment on those causes of action, regardless of the sufficiency of the opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Leventhal, J.P., Chambers, Roman and Hinds-Radix, JJ., concur. ■