Abdourahamane v Public Stor. Institutional Fund III (2021 NY Slip Op 00139)





Abdourahamane v Public Stor. Institutional Fund III


2021 NY Slip Op 00139


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-12414
 (Index No. 2463/12)

[*1]Sarr Abdourahamane, appellant, 
v
Public Storage Institutional Fund III, etc., respondent.


The Ottley Law Firm, P.C., Brooklyn, NY (Roland G. Ottley of counsel), for appellant.
Miller & Lee LLP, Scarsdale, NY (Joseph Miller of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for violation of Lien Law § 182, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated October 4, 2017. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were pursuant to CPLR 3126 to impose sanctions on the defendant for spoliation of evidence and discovery violations and pursuant to CPLR 3103(a) for a protective order striking the defendant's notice to admit.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff rented a storage unit that was owned and/or maintained by the defendant. The contents of that storage unit were sold at auction for $85. Thereafter, the plaintiff commenced this action alleging, inter alia, that the defendant violated Lien Law § 182 (see Abdourahamane v Public Stor. Institutional Fund, 113 AD3d 644, 644).
During the course of litigation, the plaintiff moved, among other things, to impose sanctions on the defendant for spoliation of evidence and discovery violations, as well as for a protective order striking a notice to admit. The Supreme Court, inter alia, denied those branches of the plaintiff's motion. The plaintiff appeals.
"[W]hen a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126" (Holland v W.M. Realty Mgt., Inc., 64 AD3d 627, 629; see Sanders v 210 N. 12th St., LLC, 171 AD3d 966, 968). "The party requesting sanctions for [spoliation] has the burden of demonstrating that a litigant intentionally or negligently disposed of critical evidence, and fatally compromised its ability to prove its claim or defense" (Peters v Hernandez, 142 AD3d 980, 981 [internal quotation marks omitted]; see Utica Mut. Ins. Co. v Berkoski Oil Co., 58 AD3d 717, 718). "In the absence of pending litigation or notice of a specific claim, a defendant should not be sanctioned for discarding items in good faith and pursuant to its normal business practices" (Sanders v 210 N. 12th St., LLC, 171 AD3d at 968).
Here, the plaintiff did not establish that the defendant failed to preserve surveillance video footage after the defendant was placed on notice that this evidence might be needed for future [*2]litigation (see id.). Moreover, the plaintiff did not demonstrate that the defendant's failure to preserve this evidence fatally compromised the plaintiff's ability to prove his claim (see Francis v Mount Vernon Bd. of Educ., 164 AD3d 873, 874). Therefore, the Supreme Court providently exercised its discretion in declining to impose sanctions against the defendant for spoliation of evidence.
Additionally, the Supreme Court providently exercised its discretion in declining to sanction the defendant for its conduct during discovery. "If any party . . . refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed the court may, inter alia, make an order that the issues to which the information is relevant shall be deemed resolved for purposes of the action in accordance with the claims of the party obtaining the order, . . . prohibiting the disobedient party . . . from producing in evidence designated things or items of testimony, or . . . striking out pleadings" (Rogers v Howard Realty Estates, Inc., 145 AD3d 1051, 1052 [internal quotation marks omitted]; see CPLR 3126 [1], [2], [3]). The drastic remedy of striking a pleading or the alternative remedy of precluding evidence requires a showing that the party's conduct is willful and contumacious (see Rector v City of New York, 174 AD3d 660, 661). Here, the plaintiff failed to demonstrate that the delay in scheduling depositions was due to any willful or contumacious conduct on the part of the defendant (see Nunez v Long Is. Jewish Med. Ctr. Ctr.-Schneider Children's Hosp., 82 AD3d 724, 725), nor did the plaintiff demonstrate that the defendant had willfully or contumaciously failed to comply with discovery demands or court orders. Under the circumstances neither the drastic remedy of striking a pleading, nor any other remedy pursuant to CPLR 3126 was warranted.
Finally, CPLR 3123(a) provides, in relevant part, that "a party may serve upon any other party a written request for admission by the latter of the genuineness of any papers or documents . . . , or of the truth of any matters of fact set forth in the request, as to which the party requesting the admission reasonably believes there can be no substantial dispute at the trial and which are within the knowledge of such other party or can be ascertained by him upon reasonable inquiry." "'The purpose of a notice to admit is only to eliminate from the issues in litigation matters which will not be in dispute at trial'" (Nacherlilla v Prospect Park Alliance, Inc., 88 AD3d 770, 771-772, quoting DeSilva v Rosenberg, 236 AD2d 508, 508). "'It is not intended to cover ultimate conclusions, which can only be made after a full and complete trial'" (Nacherlilla v Prospect Park Alliance, Inc., 88 AD3d at 772, quoting DeSilva v Rosenberg, 236 AD2d at 508). "'A notice to admit which goes to the heart of the matters at issue is improper'" (Nacherlilla v Prospect Park Alliance, Inc., 88 AD3d at 772, quoting DeSilva v Rosenberg, 236 AD2d at 508). In this case, the notice to admit was proper because it only sought to establish the genuineness of a document (see CPLR 3123[a]). Accordingly, we agree with the Supreme Court's determination denying that branch of the plaintiff's motion which was for a protective order striking the notice to admit.
The plaintiff's remaining contention is without merit.
MASTRO, A.P.J., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court