Henry v Atlantis Rehabilitation & Residential Healthcare Facility, LLC (2021 NY Slip Op 03307)





Henry v Atlantis Rehabilitation & Residential Healthcare Facility, LLC


2021 NY Slip Op 03307


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-11379
 (Index No. 9590/12)

[*1]Edwin Henry, etc., appellant, 
v
Atlantis Rehabilitation and Residential Healthcare Facility, LLC, et al., respondents.


Sheryl R. Menkes (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant.
McGaw, Alventosa & Zajac, Jericho, NY (Ross P. Masler of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated July 6, 2018. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were pursuant to CPLR 3126 to sanction the defendants for spoliation of evidence, and pursuant to 22 NYCRR 130-1.1 to sanction the defendants' counsel for frivolous conduct.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
From September 8, 2008, to November 4, 2008, the plaintiff's decedent (hereinafter the decedent) was a resident of a facility in Brooklyn owned and operated by the defendants, Atlantis Rehabilitation and Residential Healthcare Facility, LLC, and Atlantis Rehabilitation and Residential Healthcare Facility. The decedent died on May 24, 2009. In 2011, the plaintiff commenced an action pursuant to Public Health Law § 2801-d against the defendants to recover damages for personal injuries sustained by the decedent (hereinafter the first action).
In May 2012, the plaintiff commenced this action to correct an error in the caption of the first action. The first action was discontinued in June 2012 by a written stipulation of discontinuance. In July 2012, the plaintiff served a demand for discovery and inspection on the defendants. In October 2012, the defendants served a response, inter alia, seeking executed HIPAA authorizations in order to produce certain material and objecting to most of the other demands. In 2013, the plaintiff moved to vacate the stipulation of discontinuance on the ground that it mistakenly stated that the first action was discontinued "with prejudice." The Supreme Court referred the motion to a special referee to conduct an evidentiary hearing. After the hearing, in an order dated October 3, 2014, the stipulation of discontinuance was vacated. During the pendency of the plaintiff's motion to vacate the stipulation of discontinuance, the defendants moved to dismiss this action as time-barred, which resulted in a second hearing before the special referee. In an order dated June 8, 2015, the defendants' motion was denied, with the special referee determining, inter alia, that, as a result of the decedent's diagnosed dementia, the statute of limitations was tolled from [*2]the decedent's admission date of September 8, 2008, to the date of the decedent's death on May 24, 2009.
In late June 2015, the plaintiff served a supplemental demand for discovery and inspection. The plaintiff provided the defendants with executed HIPPA authorizations dated May 2, 2016. Due to the ongoing litigation, a preliminary conference was not conducted until December 21, 2016. In the preliminary conference order of the same date, the Supreme Court, inter alia, directed the defendants to supply discovery, including copies of the decedent's chart on a computer disc, the names and last known addresses of the defendants' employees, and the defendants' nursing policies. On January 17, 2017, the defendants served their response to the plaintiff's June 2015 supplemental demand for discovery and inspection. The response consisted of objections to each demand as "overbroad, burdensome and no [sic] likely to lead to admissible evidence." In a compliance conference order dated January 24, 2017, the court directed, inter alia, that the defendants provide, within 45 days, pursuant to the plaintiff's demands, protocols, policies, and procedure manuals regarding the decedent's treatment, the table of contents for the defendants' nursing manual, the decedent's admissions contract, and staffing schedules during the decedent's stay. In a response dated January 25, 2017, the defendants provided only the table of contents for the nursing policy/procedure manual. The defendants also submitted an affidavit from their former administrator and principal owner stating that the additional items directed by the court to be supplied to the plaintiff in the January 24, 2017 order were not in his possession and control, as all documents had been transferred to an entity that had purchased the facility.
In May 2017, the plaintiff moved, inter alia, pursuant to CPLR 3126 to sanction the defendants for spoliation of evidence and pursuant to 22 NYCRR 130-1.1 to sanction their counsel for frivolous conduct. The defendants opposed the motion, contending, inter alia, that their assets and operating license had been purchased by an unnamed entity on January 1, 2015, and the requested documents had been transferred to the new owner. As relevant to this appeal, the Supreme Court denied those branches of the plaintiff's motion which were pursuant to CPLR 3126 to sanction the defendants for spoliation of evidence and pursuant to 22 NYCRR 130-1.1 to sanction the defendants' counsel for frivolous conduct. The plaintiff appeals.
"Under the common-law doctrine of spoliation, a party may be sanctioned where it negligently loses or intentionally destroys key evidence" (Neve v City of New York, 117 AD3d 1006, 1008). "'The party requesting sanctions for spoliation has the burden of demonstrating that a litigant intentionally or negligently disposed of critical evidence, and fatally compromised its ability to prove its claim or defense'" (Abdourahamane v Public Stor. Inst. Fund III, 190 AD3d 666, 666-667, quoting Peters v Hernandez, 142 AD3d 980, 981; see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547). "'The Supreme Court has broad discretion in determining what, if any, sanction should be imposed for spoliation of evidence'" (Samaroo v Bogopa Serv. Corp., 106 AD3d 713, 714, quoting Lentz v Nic's Gym, Inc., 90 AD3d 618, 618). Here, the Supreme Court providently exercised its discretion in declining to impose sanctions against the defendants for spoliation of evidence, as the plaintiff failed to establish that the defendants intentionally or negligently disposed of critical evidence (see Sanders v 210 N. 12th St., LLC, 171 AD3d 966, 968), or even that the demanded documents and other materials were lost or destroyed (see Eremina v Scparta, 120 AD3d 616, 618).
Additionally, the plaintiff failed to establish that the conduct of the defendants' counsel was completely without merit in law, or undertaken primarily to delay or prolong the resolution of the litigation or to harass or maliciously injure another. Thus, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was to sanction the defendants' counsel for frivolous conduct (see 22 NYCRR 130-1.1[c][1], [2]; Finkelman v SBRE, LLC, 71 AD3d 1081, 1081-1082).
DILLON, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court