■ LYDIA COLLAZO, Respondent, v ANGELA COOPER et al., Respondents, and PERFECTO DIAZ, Appellant. [694 NYS2d 418] —In an action to recover damages for personal injuries, the defendant Perfecto Diaz appeals from an interlocutory judgment of the Supreme Court, Suffolk County (Floyd, J.), entered August 19, 1998, which, upon a jury verdict finding that the defendant James Cooper was not at fault in the happening of the accident, is, *inter alia,* in favor of the plaintiff and against him on the issue of liability.

Ordered that the interlocutory judgment is reversed, on the law, and a new trial on the issue of liability is granted, with costs to abide the event.

The plaintiff was a passenger in a vehicle operated by the defendant Perfecto Diaz when another vehicle, driven by the defendant James Cooper, collided with the Diaz vehicle and allegedly caused the plaintiff to sustain personal injuries. The plaintiff commenced this action alleging that both Diaz and Cooper were negligent in the operation of their vehicles.

At a trial on the issue of liability, the trial court submitted a set of special interrogatories to the jury. The first interrogatory instructed the jury that if they found that the defendant James Cooper was not negligent, they were to stop further deliberations and report their verdict to the court. Subsequently, upon reaching a verdict that the defendant James Cooper was not negligent the jury ceased its deliberations and reported their verdict to the court. This procedure, in effect, resulted in a finding that Perfecto Diaz was negligent as a matter of law and that his actions were the sole proximate cause of the accident.

By framing the set of interrogatories as it did, the court did not allow the jury to reach a determination as to whether the plaintiff had established that Perfecto Diaz was in fact negligent and, if so, whether his negligence was a proximate cause of the accident and the plaintiff's resulting injuries. The trial court impermissibly usurped the jury's authority (*see,* CPLR 4111 [a], [b]; *Oakley v City of Rochester,* 71 AD2d 15, *affd* 51 NY2d 908).

Further, the trial court charged the jury that each defendant had a duty to prove by a preponderance of the evidence that the other defendant was negligent and that such negligence was a proximate cause of the accident. The court, in so doing,

impermissibly shifted the burden of proof from the plaintiff to the defendants (*see,* PJI 1:23).

Accordingly the judgment must be reversed and a new trial on the issue of liability is granted. S. Miller, J. P., Santucci, Schmidt and Smith, JJ., concur.