■ MAX KHAOLAEAD et al., Respondents, v LEISURE VIDEO, Appellant, et al., Defendants. [796 NYS2d 637]—

In an action to recover damages for personal injuries, etc., the defendant Leisure Video appeals from an order of the Supreme Court, Queens County (Price, J.), dated October 9, 2003, which conditionally granted the plaintiffs' motion to "restore" the action to active pre-note of issue status and, in effect, to vacate the alleged "disposed" marking in the court computer.

Ordered that the order is affirmed, without costs or disbursements.

This action, stemming from an incident in December 1990, allegedly was marked "disposed" by the court computer at a time when no note of issue had been filed. The plaintiffs moved to "restore" the action to active pre-note of issue status. In effect, the plaintiffs sought to vacate the alleged "disposed" marking. The case was never dismissed pursuant to CPLR 3404, nor was it dismissed pursuant to the Uniform Rules for the New York State Trial Courts (22 NYCRR) § 202.27 or CPLR 3216.

The "disposed" marking is tantamount to a purge or "mark off" of a pre-note of issue case. This is not permitted (*see Bar-El v Key Food Stores Co., Inc.*, 11 AD3d 420 [2004]; *Hemberger v Jamaica Hosp.*, 306 AD2d 244 [2003]; *Johnson v Brooklyn Hosp. Ctr.*, 295 AD2d 567, 569 [2002]; *Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 200 [2001]). Thus, there was no basis for denying the plaintiffs' motion to restore (*see Hemberger v Jamaica Hosp., supra; Johnson v Brooklyn Hosp. Ctr., supra*).

The remedy of the defendant Leisure Video (hereinafter the appellant) is to serve a demand pursuant to CPLR 3216 to require the plaintiffs to resume prosecution and file a note of issue within 90 days (*see Lopez v Imperial Delivery Serv., supra* at 196). Although a 90-day notice dated June 15, 2000, appears in the record on appeal, it is not attached to any affidavit, unexplained, and, for all that the record reveals, unserved.

The request by the appellant, in opposition to the plaintiffs' motion to restore, that the case be dismissed for failure to prosecute, and the repetition of this request in the appellant's brief, could not be considered in the absence of a cross motion seeking this relief (*see* CPLR 2215; Siegel, NY Prac § 249, at 403 [3d ed]). H. Miller, J.P., Schmidt, Ritter, Crane and Skelos, JJ., concur.