(June 11, 2014)

◼ ANGELO ALBERTO et al., Plaintiffs, v DENZIL JACKSON, Defendant/Third-Party Plaintiff-Appellant, et al., Defendant. SECURITY MUTUAL BROKERS SERVICES, INC., Third-Party Defendant-Respondent. [987 NYS2d 218]—

In an action to recover damages for personal injuries, the defendant/third-party plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated February 1, 2012, which, in effect, granted that branch of the third-party defendant's motion which was to compel him to provide the third-party defendant with a copy of a certain deposition transcript, denied his cross motion, inter alia, to direct the third-party defendant to continue that deposition, and, sua sponte, deemed certain notices to admit "proper" and, in effect, admissions to the matters stated therein.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, deemed the subject notices to admit "proper" and, in effect, admissions to the matters stated therein, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof deeming the subject notices to admit "proper" and, in effect, admissions to the matters stated therein; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court has broad discretion in the supervision of discovery, and its determinations should not be disturbed on appeal unless improvidently made (*see Casabona v Huntington Union Free School Dist.*, 29 AD3d 723, 723 [2006]; *Milbrandt & Co., Inc. v Griffin*, 19 AD3d 663 [2005]; *Ito v Dryvit Sys.*, 5 AD3d 735 [2004]; *Provident Life & Cas. Ins. Co. v Brittenham*, 284 AD2d 518 [2001]). Here, the Supreme Court providently exercised its discretion in concluding, inter alia, that the additional deposition testimony sought by the defendant/third-party plaintiff, Denzil Jackson, was neither material nor necessary to the prosecution of the claims asserted in the third-party complaint (*see* CPLR 3101 [a]; *Casabona v Huntington Union Free School Dist.*, 29 AD3d at 723; *Palermo Mason Constr. v Aark Holding Corp.*, 300 AD2d 460 [2002]).

CPLR 3123 provides, in relevant part, that "a party may serve upon any other party a written request for admission by the latter . . . of the truth of any matters of fact set forth in the request, as to which the party requesting the admission reasonably believes there can be no substantial dispute at the trial and which are within the knowledge of such other party or can be ascertained by him upon reasonable inquiry" (CPLR 3123 [a]). If the requested admission is not denied or otherwise explained "within twenty days after service thereof or within such further time as the court may allow," then the requested admission will be deemed admitted (*id.*). "The purpose of a notice to admit is only to eliminate from the issues in litigation matters which will not be in dispute at trial" (*DeSilva v Rosenberg*, 236 AD2d 508, 508 [1997]; *see Rosenfeld v Vorsanger*, 5 AD3d 462, 462 [2004]). "It is not intended to cover ultimate conclusions, which can only be made after a full and complete trial" (*DeSilva v Rosenberg*, 236 AD2d at 508). "Also, the purpose of a notice to admit is not to obtain information in lieu of other disclosure devices, such as the taking of depositions before trial" (*id.* at 509). "A notice to admit which goes to the heart of the matters at issue is improper" (*id.* at 508; *see Tolchin v Glaser*, 47 AD3d 922 [2008]; *Glasser v City of New York*, 265 AD2d 526 [1999]).

Here, Security Mutual Brokers Services, Inc. (hereinafter Security), sought to compel Jackson to admit that the insurance policies issued to him by Security included a lead exclusion endorsement. Since the admissions sought "were at the heart of the controversy" in the third-party action (*Rosario v City of New York*, 261 AD2d 380, 381 [1999]; *see Nacherlilla v Prospect Park Alliance, Inc.*, 88 AD3d 770, 771-772 [2011]; *Riner v Texaco, Inc.*, 222 AD2d 571, 571-572 [1995]), they were improper (*see Morreale v Serrano*, 67 AD3d 655, 655-656 [2009]; *Tolchin*

*v Glaser*, 47 AD3d at 923; *Lolly v Brookdale Univ. Hosp. & Med. Ctr.*, 45 AD3d 537, 537 [2007]; *Sagiv v Gamache*, 26 AD3d 368, 369 [2006]). Accordingly, it was error for the Supreme Court, sua sponte, to deem the subject notices to admit "proper" and, in effect, admissions to the matters stated therein.

Jackson's remaining contentions are either improperly raised for the first time on appeal or without merit.

Security's remaining contention is without merit. Mastro, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.