Williams v City of New York (2015 NY Slip Op 01268)





Williams v City of New York


2015 NY Slip Op 01268


Decided on February 11, 2015


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2015
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
THOMAS A. DICKERSON
SHERI S. ROMAN
JEFFREY A. COHEN, JJ.


2013-10227
 (Index No. 48165/00)

[*1]Lowayne Williams, appellant, 
v
City of New York, et al., respondents.


Robert Kaminski, PLLC (Pollack, Pollack, Isaac & De Cicco, LLP, New York, N.Y. [Brian J. Isaac and Michael H. Zhu], of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, N.Y. (Kristin M. Helmers, Yair S. Goldstein, and Janet L. Zaleon of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Martin, J.), entered September 5, 2013, which, upon a jury verdict, is in favor of the defendants and against him dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
"The purpose of a notice to admit is only to eliminate from the issues in litigation matters which will not be in dispute at trial. It is not intended to cover ultimate conclusions, which can only be made after a full and complete trial" (DeSilva v Rosenberg, 236 AD2d 508, 508; see Priceless Custom Homes, Inc. v O'Neill, 104 AD3d 664; Sagiv v Gamache, 26 AD3d 368, 369). Contrary to the plaintiff's contention, his notice to admit improperly sought the defendants' admissions concerning a matter that went to the heart of the controversy in this case (see Priceless Custom Homes, Inc. v O'Neill, 104 AD3d at 664-665; Lolly v Brookdale Univ. Hosp. & Med. Ctr., 45 AD3d 537). Since the admissions sought were improper, the defendants' failure to timely respond to the subject notice should not be deemed an admission of the matters stated therein (see Alberto v Jackson, 113 AD3d 733, 734). Accordingly, the Supreme Court properly denied the plaintiff's motion to preclude the defendants from offering testimony regarding the matters as to which admissions were sought.
Under the circumstances of this case, reversal is not warranted on the basis of the interrogatories submitted to the jury (cf. Collazo v Cooper, 264 AD2d 378; Barracca v St. Francis Hosp., 237 AD2d 396; Doolittle v Conklin Brass & Copper Co., 103 AD2d 722; Gannon Personnel Agency v City of New York, 55 AD2d 548, 549).
RIVERA, J.P., DICKERSON, ROMAN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court