Bilkho v Roosevelt Sq., LLC (2018 NY Slip Op 00400)





Bilkho v Roosevelt Sq., LLC


2018 NY Slip Op 00400


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
L. PRISCILLA HALL
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-10128
 (Index No. 703196/12)

[*1]Davinder Bilkho, appellant, 
v
Roosevelt Square, LLC, respondent.


Subin Associates, LLP (Pollack, Pollack, Isaac & De Cicco, LLP, New York, NY [Brian J. Isaac, Jillian Rosen, and Brianna Walsh], of counsel), for appellant.
Marin Goodman, LLP, Harrison, NY (William K. Kerrigan of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered September 15, 2016. The order denied the plaintiff's motion to restore the action to active status, in effect, to vacate the "disposed" marking, and to extend his time to serve and file a note of issue.
ORDERED that the order is reversed, on the law, with costs, those branches of the plaintiff's motion which were to restore the action to active status and, in effect, to vacate the "disposed" marking are granted, and that branch of the plaintiff's motion which was to extend his time to serve and file a note of issue is denied as unnecessary.
On November 27, 2011, the plaintiff allegedly was injured when he fell in an interior stairwell within the defendant's premises. On December 13, 2012, the plaintiff commenced this action against the defendant to recover damages for personal injuries. By order dated October 28, 2013, following a compliance conference, the plaintiff was directed, inter alia, to file a note of issue on or before April 11, 2014.
On April 10, 2014, the plaintiff filed a note of issue and certificate of readiness. However, by order dated June 10, 2015, the Supreme Court vacated the note of issue after it was reported that significant discovery remained outstanding, and the action was "restored to pre-note of issue status before the initially assigned IAS justice." However, the action was subsequently marked "disposed."
By notice of motion dated May 11, 2016, the plaintiff, represented by new counsel, moved to restore the action to active status, in effect, to vacate the "disposed" marking, and to extend his time to serve and file a note of issue. In an order entered September 15, 2016, the Supreme Court denied the motion, and the plaintiff appeals.
The defendant erroneously characterizes the plaintiff's motion as seeking to reinstate the note of issue and restore the action to the trial calendar (see 22 NYCRR 202.21[f]). Rather, the plaintiff moved, inter alia, to restore the action to active status and, in effect, to vacate the "disposed" [*2]marking. In light of the Supreme Court's order dated June 10, 2015, vacating the note of issue and restoring the action to pre-note of issue status, the subsequent "disposed" marking was tantamount to a purge or mark off of a pre-note of issue case (see Khaolaead v Leisure Video, 18 AD3d 820, 821), which is not permitted (see Florexile-Victor v Douglas, 135 AD3d 903; Arroyo v Board of Educ. of City of N.Y., 110 AD3d 17, 19; Rakha v Pinnacle Bus Servs., 98 AD3d 657; Casavecchia v Mizrahi, 62 AD3d 741, 742; Lopez v Imperial Delivery Serv., 282 AD2d 190, 193-194). Therefore, those branches of the plaintiff's motion which were to restore the action to active status and, in effect, vacate the "disposed" marking should have been granted (see Khaolaead v Leisure Video, 18 AD3d at 821).
By restoring the action to pre-note of issue status, the order dated June 10, 2015, also, in effect, extended the plaintiff's time to file a note of issue. Accordingly, that branch of the plaintiff's motion which was to extend the time to serve and file the note of issue should have been denied as unnecessary.
CHAMBERS, J.P., HALL, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court