Dejorge v Metropolitan Foods, Inc. (2021 NY Slip Op 00905)





Dejorge v Metropolitan Foods, Inc.


2021 NY Slip Op 00905


Decided on February 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 11, 2021

Before: Acosta, P.J., Kapnick, Singh, Mendez, JJ. 


Index No. 160772/15 Appeal No. 13107 Case No. 2020-00957 

[*1]Digna Acevedo Dejorge, Plaintiff-Respondent,
v
Metropolitan Foods, Inc. Doing Business as Driscoll Foods et al., Defendants-Appellants, Sigfrido R. Jorge,Defendant-Respondent, John Does 2-5 et al., Defendants.


Weiner, Millo, Morgan & Bonanno, LLC, New York (John P. Bonanno of counsel), for appellants.
Lesnevich, Marzano-Lesnevich, O'Cathain & O'Cathain LLC, New York (Domhnall O'CathÁin of counsel), for Digna Acevedo DeJorge, respondent.
Rubin, Fiorella, Friedman & Mercante LLP, New York (Stewart B. Greenspan of counsel), for Sigfrido R. Jorge, respondent.



Order, Supreme Court, New York County (Adam Silvera, J.), entered November 15, 2019, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Sigfrido R. Jorge (Jorge) for summary judgment dismissing all cross claims against him, and granted plaintiff Digna Acevedo Dejorge's cross motion for summary judgment on the issue of liability against defendant Metropolitan Foods, Inc., unanimously affirmed, without costs.
Jorge established his prima facie entitlement to judgment as matter of law. Jorge's and plaintiff's deposition testimony establish that his vehicle was stopped at the traffic light when his vehicle's rear driver side bumper was struck by defendant Metropolitan Foods' left-turning truck and renders Metropolitan Foods' claim that the rear of Jorge's vehicle was in the intersection in violation of Vehicle and Traffic Law § 1175 irrelevant (see Chame v Kronen, 150 AD3d 622 [1st Dept 2017]; Vespe v Kazi, 62 AD3d 408 [1st Dept 2009]).
Supreme Court properly granted plaintiff's cross motion for summary judgment on the issue of liability as against Metropolitan Foods. She established a prima facie case that the accident resulted from Metropolitan Foods' negligence by submitting her and Jorge's deposition testimony that Jorge's vehicle was stationary for approximately one and a half minutes when she observed Metropolitan Foods' truck, which they identified from its license plate and the number displayed on the vehicle that day, collided into the rear driver's side bumper of Jorge's vehicle while making a left turn (see Davis v Turner, 132 AD3d 603 [1st Dept 2015]; Guzman v Schiavone Constr. Co., 4 AD3d 150 [1st Dept 2004], lv dismissed and denied 3 NY3d 694 [2004]). The burden then shifted to the Metropolitan Foods to provide a nonnegligent explanation for the collision (see Rodriguez v City of New York, 161 AD3d 575, 576-577 [1st Dept 2018]; Stringari v Peerless Importers, 304 AD2d 413, 413 [1st Dept 2003]).
In opposition, Metropolitan Foods failed to raise a triable issue of fact. Its employee testified that although he was operating the truck on the day in question and would have turned left at the intersection that day, he did not know about the accident until about a week later, which does not contradict the evidence establishing that he was negligent and the sole proximate cause of the accident (see Cascante v Kakay, 88 AD3d 588, 589 [1st Dept 2011]). That Metropolitan Foods' employee contended that he saw that the truck was not damaged after being informed about the accident about a week later does not raise a triable issue of fact given his testimony that he did not inspect the truck after he finished working that day and no other evidence was submitted by Metropolitan Foods to show that the truck did not collide with Jorge's vehicle.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 11, 2021