Bruce v Takahata (2023 NY Slip Op 04103)

Bruce v Takahata

2023 NY Slip Op 04103

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-04535
 (Index No. 701297/20)

[*1]Jean Samuel Bruce, respondent, 
v
Wade M. Takahata, et al., appellants.

Camacho Mauro Mulholland, LLP, New York, NY (Kathleen M. Mulholland of counsel), for appellants.
Wingate, Russotti, Shapiro, Moses and Halperin, LLP, New York, NY (David M. Schwarz and Michael J. Fitzpatrick of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Maurice E. Muir, J.), entered May 27, 2021. The order granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' affirmative defenses alleging comparative negligence, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
In January 2020, the plaintiff commenced this action against the defendants to recover damages for personal injuries that he allegedly sustained on May 31, 2017, when the vehicle that he was operating was struck in the rear by a vehicle operated by the defendant Wade M. Takahata and owned by the defendant Architectural Entrance System, Inc. After joinder of issue, but prior to the completion of discovery, the plaintiff moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence. The Supreme Court granted the motion. The defendants appeal.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]; Newfeld v Midwood Ambulance & Oxygen Serv., Inc., 204 AD3d 813, 814). "Accordingly, a rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision" (Scheker v Brown, 85 AD3d 1007, 1007); see Mahmud v Feng Ouyang, 208 AD3d 861). "A plaintiff is no longer required to show freedom from comparative fault to establish her or his prima facie entitlement to judgment as a matter of law on the issue of liability" (Xin Fang Xia v Saft, 177 AD3d 823, 825; see Rodriguez v City of New York, 31 NY3d 312, 323; Perez v Persad, 183 AD3d 771, 771-772).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability through the submission of his affidavit, in which he averred that his vehicle was struck in the rear by the defendants' vehicle (see Vehicle and Traffic Law § 1129[a]; Mahmud v Feng Ouyang, 208 AD3d at 862; Lopez v Dobbins, 164 AD3d 776, 777). In opposition, the defendants failed to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Munoz v Agenus, Inc., 207 AD3d 643, 645). Contrary to the defendants' contention, the motion was not premature (see CPLR 3212[f]). The defendants' proffered need to conduct depositions did not warrant denial of the motion, since the defendant driver already had personal knowledge of the relevant facts, and their mere hope or speculation that evidence might be uncovered was insufficient to deny the motion (see Quintanilla v Mark, 210 AD3d 713, 715; Cajas-Romero v Ward, 106 AD3d 850, 852).
However, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defenses alleging comparative negligence. The plaintiff's affidavit did not eliminate all triable issues of fact as to whether he was free from comparative negligence (see Ramirez v Wangdu, 195 AD3d 646, 647; Flores v Rubenstein, 175 AD3d 1490, 1491; Aponte v Vani, 155 AD3d 929, 930-931). Thus, the Supreme Court should not have granted that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' affirmative defenses alleging comparative negligence.
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court