Kavenaght v 498 Seventh, LLC (2024 NY Slip Op 04765)

Kavenaght v 498 Seventh, LLC

2024 NY Slip Op 04765

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LILLIAN WAN, JJ.

2022-10520
 (Index No. 518939/18)

[*1]Valerie Kavenaght, respondent,
v
498 Seventh, LLC, appellant.

Manson & McCarthy (Goldberg Segalla LLP, White Plains, NY [Michael P. Kandler], of counsel), for appellant.
Redmond Law Firm, PLLC, New York, NY (Cornelius Redmond of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated November 17, 2022. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as was not predicated on a violation of the Multiple Dwelling Law and the Real Property Law.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as was not predicated on a violation of the Multiple Dwelling Law and the Real Property Law is granted.
The plaintiff commenced this action to recover damages for personal injuries she alleged she sustained while at work when she tripped and fell on a defective landing of a staircase. The landing was located between the first floor, where the plaintiff's employer operated a seating area of its restaurant, and the basement, where the plaintiff's employer operated a food preparation area. The defendant owned the commercial building in Manhattan where the accident occurred.
According to the plaintiff, her left foot got stuck when she stepped on a protruding rock-like object approximately the size of a penny on the landing, and there was no handrail on the
right side of the staircase. The defendant moved for summary judgment dismissing the complaint, arguing, inter alia, that it was an out-of-possession landlord with no duty to maintain the staircase within the subject premises. The Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as was predicated on a violation of the Multiple Dwelling Law and the Real Property Law and otherwise denied the motion. The defendant appeals.
"'[A]n out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct'" (Souffrant v M & K Real Estate Assoc., LLC, 225 AD3d 914, 916, quoting Jin Hee Son v Zafiara Realty, Inc., 218 AD3d 554, 556; see Achee v Merrick Vil., Inc., 208 AD3d 542, 543-544).
Here, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it was an out-of-possession landlord and was not obligated to repair or maintain the premises (see Fox v Patriot Saloon, 166 AD3d 950; Wenzel v 16302 Jamaica Ave., LLC, 115 AD3d 852). Further, although the plaintiff alleged a violation of a statutory duty, and the defendant retained a right to reenter the premises for the purposes of inspection and repairs, the defendant demonstrated, prima facie, that the alleged defect was not a significant structural or design defect in violation of a specific statutory provision (see Behluli v 228 Hotel Corp., 172 AD3d 1151, 1152; Derosas v Rosmarins Land Holdings, LLC, 148 AD3d 988, 991; Regensdorfer v Central Buffalo Project Corp., 247 AD2d 931; Quinones v 27 Third City King Rest., 198 AD2d 23). In opposition, the plaintiff failed to raise a triable issue of fact, since the statutory provisions that the bill of particulars alleged were violated, including, in particular, Administrative Code of the City of New York § 27-375(f), did not apply to the subject staircase (see Cusumano v City of New York, 15 NY3d 319; Wenzel v 16302 Jamaica Ave., LLC, 115 AD3d at 853). Additionally, the plaintiff's affidavit submitted in opposition contradicted her earlier deposition testimony and raised only a feigned issue of fact (see Williams v Foster, 222 AD3d 1035, 1036). Further, the affidavit of the plaintiff's expert was conclusory and lacked probative value (see Greco v Starbucks Coffee Co., 58 AD3d 681; Walker v 127 W. 22nd St. Assoc., 281 AD2d 539).
Contrary to the plaintiff's contention, the Supreme Court properly declined to deny the defendant's motion for summary judgment dismissing the complaint based on the alleged spoliation of the staircase in the absence of a motion pursuant to CPLR 3126 seeking spoliation sanctions (see CPLR 2211, 2214[a], 2215; Khaolaead v Leisure Video, 18 AD3d 820, 821).
Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as was not predicated on a violation of the Multiple Dwelling Law and the Real Property Law.
IANNACCI, J.P., CHAMBERS, MALTESE and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court