Hofer v Harrington (2024 NY Slip Op 51431(U))

[*1]

Hofer v Harrington

2024 NY Slip Op 51431(U)

Decided on October 17, 2024

Supreme Court, Suffolk County

Whelan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 17, 2024
Supreme Court, Suffolk County

Michael Hofer, Plaintiff,

against
Kevin Harrington, Dennis Harrington, Ashley Franzese, Loretto Narducci, and Sharon Smith, Defendants.

Index No. 624471/2023

PLTF'S ATTORNEY:
LITMAN LAW FIRM 
5 BERING COURT 
WOODBURY, NY 11797
DEFTS' ATTORNEY for Kevin Harrington and Dennis Harrington:
GENTILE & TAMBASCO 
2 HUNTINGTON QUADRANGLE, SUITE !N01
MELVILLE, NY 11747
DEFT'S ATTORNEY for Ashley Franzese:
DESENA & SWEENEY, LP
1500 LAKELAND AVENUE 
BOHEMIA, NY 11716
DEFT'S ATTORNEY for Sharon Smith:
KELLY, RODE & KELLY, LP
330 OLD COUNTRY ROAD, SUITE 305
MINEOLA, NY 11501

Thomas F. Whelan, J.

Upon the following papers read on this motion for summary judgment: Notice of Motion and supporting papers by defendant Sharon Smith, filed April 5, 2024; Answering Affidavits and supporting papers by defendant Ashley Franzese, filed May 31, 2024; Answering Affidavits and supporting papers by defendants Kevin Harrington and Dennis Harrington, filed June 10, 2024; Replying Affidavits and supporting papers by defendant Sharon Smith, filed June 19, 2024; it is
ORDEREDthat the motion by defendant Sharon Smith for summary judgment dismissing the complaint and cross-claims against her is granted; and it is further
ORDERED that a preliminary conference shall be held on November 19, 2024.
Plaintiff Michael Hofer commenced this action to recover damages for injuries he allegedly sustained as a result of a motor vehicle accident, which occurred on October 2, 2020, on Middle Country Road at or near its intersection with South Howell Avenue, in the Town of Brookhaven, New York. The multi-vehicle collision allegedly occurred when the vehicle operated by defendant Kevin Harrington and owned by defendant Dennis Harrington struck the rear of the vehicle operated by plaintiff Michael Hofer ( "Hofer" ). The force of the impact allegedly propelled the Hofer vehicle into the rear of the vehicle operated by defendant Ashley Franzese ( "Franzese" ) and owned by defendant Loretto Narducci, which then struck the lead vehicle operated by moving defendant Sharon Smith ( "Smith" ).
Smith now moves for summary judgment dismissing the complaint and all cross-claims against her arguing that she was fully stopped for one minute when her vehicle was struck in the rear, and that she did not cause or contribute to the happening of the accident. In support of her motion, plaintiff submits the pleadings, her own affirmation, and a certified copy of the police accident report. In opposition, Franzese argues that the motion is premature and that Smith's affirmation is insufficient to warrant granting summary judgment. Defendants Kevin Harrington and Dennis Harrington also oppose the motion arguing that Smith failed to eliminate an issue of fact as to whether she acted reasonably under the circumstances. They submit the affirmation of Kevin Harrington. Plaintiff does not oppose Smith's motion.
To establish prima facie entitlement to judgment as a matter of law, a movant must come forward with evidentiary proof, in admissible form, demonstrating the absence of any material issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 508 NYS2d 923 [1986]; Sillman v Twentieth Century Fox Film Corp., 3 NY2d 395, 165 NYS2d 498 [1957]). The failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 48 NYS2d 316 [1985]). If such a showing is made, the burden shifts to the party opposing the motion for summary judgment, who must proffer evidence in admissible form sufficient to establish the existence of any material issue of fact which requires a trial (Alvarez v Prospect Hosp., 68 NY2d 320, 508 NYS2d 923; Zuckerman v City of New York, 49 NY2d 557, 427 NYS2d 595 [1980]).
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (see O'Hara v Bancker Constr. Corp., 225 AD3d 889, 889, 208 NYS3d 226, 227 [2d Dept 2024]; Jimenez-Pantaleon v Aucancela, 221 AD3d 676, 197 NYS3d 601 [2d Dept 2023]; Lopez v Dobbins, 164 AD3d 776, 79 NYS3d 566 [2d Dept 2018]; see Vehicle and Traffic Law § 1129 [a]). "A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that [*2]operator to rebut the inference of negligence by providing a non-negligent explanation for the collision" (Yawagyentsang v Safeway Constr. Enter., LLC, 225 AD3d 827, 827, 207 NYS3d 608, 609 [2d Dept 2024]; see Bruce v Takahata, 219 AD3d 448, 193 NYS3d 287 [2d Dept 2023]; Ordonez v Lee, 177 AD3d 756, 110 NYS3d 339 [2d Dept 2019]). As there can be more than one proximate cause of an accident, a defendant driver who is seeking summary judgment must make a prima facie showing that he or she is free from comparative fault (Inesta v Florio, 159 AD3d 682, 682, 71 NYS3d 161 [2d Dept 2018]; Ballentine v Perrone, 179 AD3d 993, 114 NYS3d 696 [2d Dept 2020]).
A party's admission recorded within a police accident report must satisfy a hearsay exception to render the statement admissible (see Yassin v Blackman, 188 AD3d 62, 65, 131 NYS3d 53, 56 [2d Dept 2020]). Smith submits a certified copy of the police accident report, wherein it states, "O1, O2, O3 AND O4 STATE O1 WAS STOPPED ON MIDDLE COUNTRY ROAD EAST BOUND FOR A TRAFFIC LIGHT AT THE INTERSECTION OF S HOWELL AVE WHEN V4 COLLIDED INTO THE REAR OF V3 CAUSING V3 TO COLLIDED [sic] INTO V2 CAUSING V2 TO COLLIDE INTO V1." As to the police report, as now required by the controlling case of Yassin v. Blackman, 188 AD3d 62, 131 NYS3d 53 (2d Dept. 2020), the certification of the report creates the proper foundation to constitute admissible evidence for a party's admission. In Yassin, at 66, supra, the Court went on to hold that "even where a police report is properly certified, the hearsay statements of nonparties or unknown sources contained therein may not be admitted for their truth (see Noakes v. Rosa, 54 AD3d 317, 318 [2008])." In Noakes, supra, the statement in the report as to the defendant "rear-ended" the plaintiff was from an unknown source and since the source was not identifiable, it was error to admit it into evidence.
Similarly, in Matter of Country-Wide Ins. Co. Lobello, 186 AD3d 1213, 130 NYS3d 67 92d Dept. 2020) where the source of the information in the report regarding the license plate number of a vehicle that appeared in a subsequent police report could not be identified, the report was inadmissible. Here, to the contrary, the source of the information concerning the accident is identifiable. As set forth above, the police officer notes that all four drivers state that operator 1, Smith, was stopped for a traffic light. This includes operator 4, Harrington. Therefore, the certified police report corroborates the statements made in the Smith affirmation, and is admissible (see Sroor v. Marziano-Fontana, 229 AD3d 581, 214 NYS3d 778 [2d Dept. 2024]).
In her affirmation, Smith affirms that she was traveling on Middle Country Road and brought her vehicle to a complete stop at a red traffic light. She further affirms that her vehicle was stopped for one minute, while her foot was on the brake pedal, when her vehicle was struck in the rear. Yet, in his affirmation, Kevin Harrington states that he was driving straight on Middle Country Road with a green light in his favor. He states that the light "remained green as the first vehicle reached the intersection, but that the operator of the lead vehicle, Sharon Smith, "slammed on her brakes when she reached the intersection" (see Macri v Kotrys, 164 AD3d 1642, 84 NYS3d 293 [4th Dept 2018]). Yet, Harrington's affidavit doesn't address the apparent inconsistency between what he told the responding police officer, to wit, that the Smith vehicle was stopped at the time of the accident and his allegation in his affidavit that the traffic light was green and that Smith slammed on her brakes. Harrington's allegation that he "believe[d] that Sharon Smith slammed on her brakes because she realized that she needed to make a left turn [*3]and could not do so from the lane that she was in" is pure speculation. Moreover, it is dubious, at best, that Harrington was able to see the movement of a vehicle located three cars in front of him, particularly when the vehicle directly in front of him was a GMC Suburban (plaintiff's vehicle).
The question now before the Court is the one that was not reached in Yassin, at 68, supra, whether the Harrington affirmation should be disregarded as a feigned attempt to avoid the consequences of the admission he purportedly made to the police officer who prepared the police accident report. The Court concludes that the affirmation should be disregarded, in light of his failure to explain the obvious discrepancy with the police report. Clearly, if this incident involved just the first three vehicles, there would not have been an accident. His assertions in his affirmation are merely feigned to defeat the summary judgment motion (see Andre v. New York City Department of Education,229 AD3d 748, 216 NYS3d 51 [2d Dept. 2024]; see also Kavenaght v. 498 Seventh, LLC, — NYS3d —, 2024 WL 4364258, 2024 NY Slip Op. 04765; cf. McAvoy v Eighamri, 219 AD3d 604, 194 NYS3d 147 [2d Dept 2023] (no issue regarding party admission contained in police report ); cf. Martin v Copado-Esquivel, 226 AD3d 668, 209 NYS3d 83 [2d Dept 2024] (no issue regarding party admission contained in police report).
Accordingly, Smith's motion for summary judgment is granted.
Dated: October 17, 2024
HON. THOMAS F. WHELAN, J.S.C.