Troxler v Hampton (2026 NY Slip Op 00934)

Troxler v Hampton

2026 NY Slip Op 00934

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-10091
2024-01464
 (Index No. 611278/22)

[*1]Ann K. Troxler, respondent,
vBrian K. Hampton, et al., appellants.

Gordon Rees Scully Mansukhani, LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Eric Z. Leiter], of counsel), for appellants.
Law Offices of John Coco, PLLC (Hogan & Cassell, LLP, Jericho, NY [Michael Cassell], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), entered September 15, 2023, and (2) an order of the same court entered December 18, 2023. The order entered September 15, 2023, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability and to deem the response of the defendant Winters Bros. Waste Systems of Long Island, LLC, to the plaintiff's notice to admit a nullity and the facts sought therein to be admitted. The order entered December 18, 2023, insofar as appealed from, denied that branch of the defendants' motion which was for leave to renew their opposition to that branch of the plaintiff's prior motion which was for summary judgment on the issue of liability.
ORDERED that the order entered September 15, 2023, is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the issue of liability against the defendant Brian K. Hampton and to deem the response of the defendant Winters Bros. Waste Systems of Long Island, LLC, to the third paragraph of the plaintiff's notice to admit a nullity and the facts sought therein to be admitted, and substituting therefor provisions denying those branches of the motion; as so modified, the order entered September 15, 2023, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the appeal from so much of the order entered December 18, 2023, as denied that branch of the defendants' motion which was for leave to renew their opposition to that branch of the plaintiff's prior motion which was for summary judgment on the issue of liability against the defendant Brian K. Hampton is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order entered September 15, 2023; and it is further,
ORDERED that the order entered December 18, 2023, is affirmed insofar as reviewed, without costs or disbursements.
On June 1, 2022, a garbage truck owned by the defendant Winters Bros. Waste Systems of Long Island, LLC (hereinafter Winters Bros.), allegedly struck the plaintiff's vehicle in the rear at an intersection in Nassau County. The plaintiff thereafter commenced this action against Winters Bros. and John Doe to recover damages for the injuries she allegedly sustained in the collision. The plaintiff served Winters Bros. a notice to admit, requesting, inter alia, an admission that Brian K. Hampton was operating Winters Bros.'s truck when it contacted another vehicle. Winters Bros. denied this. The plaintiff thereafter amended the complaint to substitute Hampton as a defendant for John Doe. One day after Hampton and Winters Bros. (hereinafter together the defendants) answered the amended complaint, the plaintiff moved, among other things, for summary judgment on the issue of liability and to deem Winters Bros.'s response to the plaintiff's notice to admit a nullity and the facts sought therein to be admitted. The defendants opposed this motion. In an order entered September 15, 2023, the Supreme Court granted those branches of the plaintiff's motion.
The defendants thereafter moved, inter alia, for leave to renew their opposition to that branch of the plaintiff's motion which was for summary judgment on the issue of liability. In an order entered December 18, 2023, the Supreme Court, among other things, denied that branch of the defendants' motion. The defendants appeal from both orders.
Pursuant to CPLR 3123(a), a party may serve upon another party a written request that it admit to, inter alia, "the truth of any matters of fact set forth in the request, as to which the party requesting the admission reasonably believes there can be no substantial dispute at the trial and which are within the knowledge of such other party or can be ascertained by him [or her] upon reasonable inquiry." "A notice to admit which goes to the heart of the matters at issue is improper" (DeSilva v Rosenberg, 236 AD2d 508, 508; see Alberto v Jackson, 118 AD3d 733, 734; Nacherlilla v Prospect Park Alliance, Inc., 88 AD3d 770, 772).
Here, in paragraph three of the plaintiff's notice to admit, the plaintiff requested that Winters Bros. admit that the truck owned by Winters Bros. and operated by Hampton "was in contact with another vehicle" on the date of the accident. Since paragraph three went to the heart of the parties' controversy, it was improper (see Williams v City of New York, 125 AD3d 767, 768; Ramcharran v New York Airport Servs., LLC, 108 AD3d 610, 610-611; DeSilva v Rosenberg, 236 AD2d at 509). Therefore, the Supreme Court should have denied that branch of the plaintiff's motion which was to deem Winters Bros.'s response to that paragraph a nullity and the facts sought therein to be admitted (see Williams v City of New York, 125 AD3d at 768; Alberto v Jackson, 118 AD3d at 735).
"'A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle'" (Bruce v Takahata, 219 AD3d 448, 449, quoting Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]). Thus, "'a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision'" (An v Abbate, 213 AD3d 891, 892 [alteration omitted], quoting Garcia v Cotzomi, 206 AD3d 626, 626; see Newfeld v Midwood Ambulance & Oxygen Serv., Inc., 204 AD3d 813, 814). However, "[a] motion for summary judgment 'should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility'" (Abdenbi v Walgreen Co., 197 AD3d 1140, 1140, quoting Ruiz v Griffin, 71 AD3d 1112, 1115; see Schmitz v Pinto, 220 AD3d 681, 681-682).
Here, the plaintiff, through her affidavit and an eyewitness statement, established her prima facie entitlement to summary judgment on the issue of liability by demonstrating that the defendants' truck struck her vehicle in the rear while her vehicle was stopped at a red light (see Bruce v Takahata, 219 AD3d at 449; Mahmud v Feng Ouyang, 208 AD3d 861, 862; Nikolic v City-Wide Sewer & Drain Serv. Corp., 150 AD3d 754, 755). In opposition, Hampton's assertion that the truck he was operating did not contact any other vehicle directly contradicted the plaintiff's affidavit [*2]and the eyewitness's statement and raised a triable issue of fact as to Hampton's liability (see Schmitz v Pinto, 220 AD3d at 681-682; Baab v HP, Inc., 211 AD3d 783, 783; Gluck v New York City Tr. Auth., 118 AD3d 667, 669). However, the defendants failed to raise a triable issue of fact as to Winters Bros.'s liability. Although Hampton asserted that the truck he was operating did not contact any other vehicle, he did not aver that no truck owned by Winters Bros. contacted another vehicle on the day of the alleged accident, and the defendants submitted no other evidence contradicting the plaintiff's averment that a Winters Bros. truck struck her vehicle in the rear (see Vehicle and Traffic Law § 388[1]; Kashyap v Dasilva, 230 AD3d 747, 749; Dejorge v Metropolitan Foods, Inc., 191 AD3d 500, 501).
Accordingly, the Supreme Court erred in granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability against Hampton.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221[e][2]).
Here, the defendants failed to proffer new facts that would change the Supreme Court's prior determination granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability against Winters Bros. Accordingly, the court properly denied that branch of the defendants' motion which was for leave to renew their opposition to that branch of the plaintiff's prior motion which was for summary judgment on the issue of liability against Winters Bros.
The defendants' remaining contentions either are without merit or have been rendered academic in light of the foregoing.
BRATHWAITE NELSON, J.P., DOWLING, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court